E. G. CRANE

*v.*

J. W. EDDY, for use, etc.

*Opinion filed October 24, 1901.*

BROKERS—*when real estate broker is entitled to commission.* If a vendor agrees with a broker to pay his commission in proportionate amounts as the balance of the purchase money is paid, but after paying a portion of the purchase money the vendee becomes insolvent and the vendor forecloses his security, bidding the full amount due him and executing a receipt to the master in full satisfaction of the debt and interest due him under the decree, he is liable, under his agreement, to pay the broker's commission, the same as if the vendee had continued to make his payments.

*Crane* v. *Eddy,* 93 Ill. App. 569, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

A. J. HOPKINS, F. G. HANCHETT, FRED A. DOLPH, and R. B. Scott, for appellant:

An agent may so contract as to make his compensation dependent upon a contingency, and to recover must

show that the contingency has happened. 1 Am. & Eng. Ency. of Law, (2d ed.) 1096; *Zerrohm* v. *Dittson*, 117 Mass. 553; *Worden* v. *Dodge*, 4 Denio, 159.

An agent's compensation is determined exclusively by the agreement. 1 Am. & Eng. Ency. of Law, (2d ed.) 1095; *Hoyt* v. *Shipherd*, 70 Ill. 309.

This instrument was payable out of a specific fund, and where there is a failure of the specific fund there can be no recovery. *Turner* v. *Railroad Co.* 95 Ill. 134; *Wickersham* v. *Beers*, 20 Ill. App. 247.

"Purchase money" is money paid for the land. *Kimble* v. *Esworthy*, 6 Ill. App. 520; *Austin* v. *Underwood*, 37 Ill. 438.

Where purchase money is the consideration of one instrument it will so continue in any other. *Kimble* v. *Esworthy*, 6 Ill. App. 520.

The giving of the mortgage for purchase money and the giving of the deed were one transaction. *Lehndorf* v. *Cope*, 122 Ill. 333.

At law the title did not pass out of Crane, hence no sale and no purchase money paid. *Seaman* v. *Bisbee*, 163 Ill. 91; *Barrett* v. *Hinckley*, 124 id. 32; *Waughop* v. *Bartlett*, 165 id. 130; *Esker* v. *Heffernan*, 159 id. 38.

FRANK G. PLAIN, for appellee:

A contract is construed most strongly against the party who executes it. *Chicago Sugar Refining Co.* v. *Armington*, 67 Ill. App. 538; *McCarty* v. *Howell*, 24 Ill. 342.

Where the terms of an agreement are in any respect doubtful or uncertain, and the parties to it have by their own conduct placed a construction upon it which is reasonable, such construction will be adopted by the court. *Hamilton* v. *Scully*, 118 Ill. 192; *Work* v. *Welch*, 160 id. 468; *People* v. *Murphy*, 119 id. 160.

The foreclosure of the trust deed, and the purchase at the foreclosure sale by Crane of the property there sold at a price equal to the amount of his claim, with interest and costs, is, in law, payment of the purchase

money of such property, carrying with it the duty to pay the balance still unpaid upon the instrument sued on in this case. *Davis* v. *Dale,* 150 Ill. 239; *Hopkins* v. *Hemm,* 159 id. 416; *Digby* v. *Building Ass.* 60 Ill. App. 644; *Hood* v. *Adams,* 124 Mass. 481; *Babcock* v. *Loan Ass.* 67 Minn. 151; *Koerner* v. *Gauss,* 57 Ill. App. 671.

The purchase money to be paid for or the debt created by the purchase of the farm by Jernberg was secured by the trust deed to Curry. This trust deed secured the debt, and not the note or bond, or other evidence of it. When the trust deed was foreclosed and the property was sold by the master to Crane, the debt created by the purchase of the farm by Jernberg was paid and satisfied, and in contemplation of law the purchase money for the farm was paid. 1 Jones on Mortgages, (5th ed.) sec. 924; *Wayman* v. *Cochrane,* 35 Ill. 155; *Flower* v. *Elwood,* 66 id. 438; *Elliott* v. *Blair,* 47 id. 342.

A debt secured by mortgage or trust deed upon land is paid and discharged when the holder of the debt becomes invested with the title of the mortgaged premises. *Bank* v. *Reis,* 136 Ill. 249; *Closs* v. *Boppe,* 23 N. J. Eq. 270.

A principal who agrees that his agent shall receive a percentage of money or commission to be paid upon a contract secured through such agent cannot dispose of his own right to receive the fund, and thus deprive the agent of the reward for his services. *Reed* v. *Insurance Co.* 61 Pac. Rep. 21.

Per CURIAM: In deciding this case on appeal from the circuit court of Kane county the Appellate Court rendered the following opinion:

"This was a suit by Eddy against Crane to recover upon an instrument dated April 8, 1892, signed by Crane, the body of which was as follows: 'Due J. W. Eddy, or order, eight hundred fifty-four dollars and twenty-four cents as his commission on sale of my farm to A. Jernberg. The same to be paid out of the purchase money as

it is paid to me on the various payments, in proportionate amounts, with interest at six per cent per annum.' A suitable amended declaration was filed, the general issue was pleaded, and there was a stipulation defendant might prove all defenses thereunder. A jury was waived and the facts were agreed upon. The court rendered judgment for plaintiff for $817.42, and defendant appeals.

"Crane owned a farm and Eddy was a real estate broker. Prior to April 8, 1892, Eddy had been endeavoring to sell Crane's farm, and on that day he negotiated a sale thereof to A. Jernberg, and Crane deeded the premises to Jernberg. The amount of cash paid down is not shown, but for the deferred payments Jernberg executed five notes to Crane for different amounts, aggregating $10,377, due at various dates from December 31, 1892, to May 10, 1896, with interest at six per cent per annum before and seven per cent after maturity, and secured said notes by a trust deed on the land to J. O. Curry, trustee. The instrument in suit evidences the agreement of Crane to pay Eddy commissions for making the sale. Jernberg paid the first two notes, aggregating $2306, and interest, and Crane released portions of the land from the trust deed. Jernberg failed to pay the last three notes when due, but became insolvent. Crane and Curry filed a bill to foreclose the trust deed, and obtained a decree finding due Crane on said notes $9178.58, and directing the sale of the part not released. Pursuant to that decree the master in chancery advertised for sale that part of the farm not released, and at that sale Crane bid in the premises for $9605.60, being the amount found due him by the decree and interest thereon, and costs and solicitor's fees. The amount due Crane at the time of that sale was $9230.85, and he did not pay that sum in cash to the master and receive it back from the master, but, instead, executed and delivered to the master a receipt for the last named sum, in satisfaction of the debt and interest due him under the decree. The sale was confirmed. When

Jernberg paid the first two notes, Crane made proportionate payments to Eddy on the instrument in suit, and they were endorsed on the back thereof, the total of four payments so endorsed being $307.02. After the foreclosure sale was approved Eddy demanded of Crane payment of the balance of the sum specified in said instrument, but Crane refused to pay.

"If any one else had bought at the master's sale and paid the money to the master, and the master had paid Crane the full amount of the decree in cash, it is clear that Crane would then have become liable to pay Eddy the balance unpaid upon the instrument here in suit, for the reason' that he would thereby have collected all his purchase money in one of the ways provided for when the farm was sold. If Jernberg or any other person entitled had redeemed from the sale, clearly Crane would have been liable to Eddy for the balance unpaid upon this instrument. We fail to see why the fact that Crane chose to bid for the farm the full amount of the purchase money remaining unpaid, and the costs, and that no one raised his bid and no one redeemed from the sale, should produce a different result as to Crane's liability upon the instrument sued upon. Jernberg's notes and the purchase money debt they evidenced are fully paid, satisfied and discharged by the decree and sale to Crane. They have been satisfied in one of the ways Crane and Jernberg contracted they might be discharged.

"Again, there is no claim the farm is not worth all Crane bid for it. Suppose instead of bidding the full amount due himself he had let others bid, and if no bid was made let the sale be continued till another date. It cannot be assumed no one else would have offered a bid. If some one had bid a thousand dollars less and the sale had been effected, then, upon Crane's recovering nearly the entire amount due him, Eddy would be entitled to a proportionate amount of his commissions, leaving a small part, only, of his commissions not yet due, because a

small part of the purchase money was still uncollected. Because Crane did not let strangers get the farm at something less than the full amount remaining unpaid, but to protect himself bid the full amount and no one cared to bid more, is that precaution by Crane to defeat Eddy entirely? To state the proposition seems to us to show it cannot be just.

"There is another consideration arising from the record before us which appears decisive against 'Crane. When Jernberg paid the first two notes Crane caused the trustee to release part of the lands from the lien of the trust deed. It is not shown there was any provision in the trust deed that part of the land should be released when part payment was made, nor is it shown that Eddy consented to the release. All the land was security for each part of the debt. It may well be that if Crane had not released part of it the entire farm would have sold at master's sale to a stranger for the full amount due and Crane would have received payment in full in money. If no one would bid for the unreleased lands more than the entire amount remaining unpaid, that should not be permitted to injure Eddy, who is not shown to be responsible for or consenting to the release. We are of opinion that this case should be treated the same as if any other person had bid and paid the same amount; that the debt for the purchase money having been paid and discharged in one of the ways provided by the contract between the parties, Eddy is entitled to his pay."

The Appellate Court, in allowing the appeal, granted a certificate of importance.

After a careful consideration of this case we have arrived at the same conclusion as that reached by the Appellate Court, and are satisfied with the reasons given in the opinion of that court for the affirmance of the judgment of the circuit court. We therefore adopt that opinion as the opinion of this court, and affirm the judgment.

*Judgment affirmed.*