[Civ. No. 910.   Second Appellate District.—March 3, 1911.]

J. M. STANTON and R. A. WELCH, Partners Doing Business Under the Firm Name of STANTON & WELCH, Appellants, v. ALEX CARNAHAN, Respondent.

BROKERS' COMMISSIONS — SALE OF REAL ESTATE — WILLING PURCHASER FOUND—DEAL NOT "COMPLETE"—FAULT OF VENDOR—IMPROPER NONSUIT.—While a contract for the sale and purchase of real estate, and for commissions thereon "when the deal is complete," contemplates the performance of some future act intended to constitute the completion of the deal, yet the provision for brokers' commissions constituted a contract in writing for their benefit, and when they have found a purchaser ready and willing to make full payment and a contract was signed on deposit between the parties, and for the purpose of a nonsuit the court assumed that an offer of the brokers to prove that the deal was rendered finally incomplete through the sole fault of the vendor was proved, it is held that the nonsuit was improperly granted.

ID.—REVIEW OF NONSUIT UPON APPEAL—GROUNDS OF MOTION.—In determining the propriety of the nonsuit upon appeal, this court is limited in its consideration to the particular grounds upon which the motion for a nonsuit was made; and where the sole grounds stated in the motion were the want of any showing of any employment of plaintiffs by the defendant, and that the contract offered in evidence was not a contract made expressly for the benefit of the plaintiffs, nor was the contract made for the benefit of plaintiffs, a nonsuit on those grounds was improperly sustained.

ID.—ASSUMPTION OF EVIDENCE UPON STATE OF RECORD — FAILURE TO "COMPLETE DEAL"—FAULT OF VENDOR—PERFORMANCE BY BROKERS EXCUSED.—Upon the state of the record, in view of the offer of proof by the brokers treated as proved by the court, it must be assumed that evidence was given tending to prove that the failure finally to "complete the deal" was due to want of performance on the part of defendant as vendor, and hence under section 1512 of the Civil Code the due performance of the "completion of the deal," upon which the payment of the plaintiff's brokers was made contingent, was excused.

ID.—CONTRACT SUED UPON EXISTING FOR BENEFIT OF PLAINTIFFS—IMPLIED CONSIDERATION—PREVENTION OF PERFORMANCE NO DEFENSE.— The contract sued upon was an existing one in writing expressly made for the benefit of plaintiffs, and implying a consideration; and it is an untenable defense thereto on the part of the defendant vendor, who in so far as it imposed obligations upon him had made default, thereby preventing performance on the part of plaintiff, the want of which he pleads against recovery in the action.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

A. M. Pence, and Jones & Drake, for Appellants.

Anderson & Anderson, for Respondent.

SHAW, J.—Appeal from judgment. The action was brought to recover $300 upon a provision of a contract entered into between defendant and one Crawford, whereby the latter agreed to sell and the former agreed to buy the tract of land therein described for a stipulated sum to be paid at the times and in the manner therein provided, which provision was as follows: "And the buyer (Carnahan, the defendant) agrees to pay Stanton & Welch $300. commission. Seller (Crawford) agrees to pay Stanton & Welch $100 commission when deal is complete." Defendant in his answer admitted the execution of the contract and admitted that it contained the provision for the payment of the commission, punctuated as hereinabove set forth, but alleged that said sum was not to be due and payable thereunder until the deal was completed, and further alleged that the deal had not been completed.

At the trial plaintiffs offered evidence tending to show that plaintiff Stanton had prepared and drawn the contract; that it was executed in his presence on September 21, 1907; and introduced the same in evidence, with proof that no part of the $300 had been paid. Thereupon, defendant moved for a nonsuit upon the ground of the want of any showing of employment of plaintiffs by the defendant, and that the contract offered in evidence was not a contract made expressly for the benefit of plaintiffs, nor was the contract made for the benefit of plaintiffs. The court then suggested that, assuming the grounds of the motion as made to be insufficient, there was an absence of any showing that the deal had been completed, and that under the terms of the contract the $300 commission was not to be due and payable until the deal was completed. It was admitted that the title never passed from Crawford to Carnahan, nor was there any evidence of any

payments being made upon the purchase price of $15,500, other than the sum of $100 upon the execution of the contract. Plaintiffs then offered to prove that Crawford had, pursuant to the terms of the contract, offered to perform his part thereof, but that Carnahan had refused so to do on his part and made default therein, and that the reason for not completing the deal was due to the acts of defendant Carnahan. Whereupon, the court stated that it was ''quite willing to assume that those facts will all be proved,'' but that upon such assumption a motion for a nonsuit, if made, would, nevertheless, be granted. Thereupon defendant moved for a nonsuit upon the ground that the contract disclosed that the commission of $300 was not to be paid until the deal was complete, and that no evidence had been offered and no allegation been made that the deal was ever completed, which motion was granted.

We agree with the learned trial judge in his interpretation of the contract. The words ''when deal is complete'' had reference to the performance of some future act intended to constitute the completion of the deal. This act, as conceded by appellants, was the vesting of title in the buyer and the payment of the purchase price or the delivery of evidences of obligation therefor. The provision that Carnahan should pay to Stanton and Welch $300, and that Crawford should pay them $100, must be regarded as constituting the contract, in so far as concerns them; and so read and considered, it is clear that the words ''when deal is complete'' referred to and fixed a time contemporaneous with the performance of such act, not only when Crawford should pay the $100, but likewise the time when Carnahan should comply with his obligation to pay the commission of $300. The fact that the two sentences composing the contract so made for the benefit of plaintiffs are separated by a period, instead of a comma, does not affect the interpretation to be placed upon the provision. As the deal was not consummated, and inasmuch as under the terms of the contract the commission was not due until the deal was complete, the court held that plaintiffs were not entitled to recover. Upon this record, however, we must assume that evidence was introduced which tended to establish the fact that the failure to complete the deal was due to want

of performance on the part of defendant, and hence the due performance or completion of the deal upon which payment was made' contingent was excused. (Civ. Code, sec. 1512.) In its determination of this case the court is limited in its consideration thereof to the particular grounds upon which the motion for nonsuit was made. (*Durfee* v. *Seale,* 139 Cal. 603, [73 Pac. 435].)

That part of the contract upon which the action is based was made expressly for the benefit of plaintiffs, and under the provisions of section 1559, Civil Code, they were entitled to enforce the same at any time before the parties thereto rescinded it. If the parties had rescinded, then, under the provisions of said section, no recovery could be had. It may also be true that if, under the terms of the agreement, Carnahan's assent to the contract was procured by fraud, such fact might be urged as a defense. But the record discloses no evidence in support of either proposition. It appears that the contract sued upon was an existing one expressly made for the benefit of plaintiffs, a consideration being implied from the fact that it was in writing, and that in so far as it imposed obligations upon defendant, he had made default, thereby preventing performance, the want of which he pleads against recovery in the action. Such position is untenable. The record is meager, incomplete and unsatisfactory, but from what is disclosed we are of the opinion that the court erred in granting defendant's motion for a nonsuit.

The judgment is therefore reversed.

Allen, P. J., and James, J., concurred.