[Civ. No. 1185. Second Appellate District.—November 27, 1912.]

## K. LUNDEEN, Respondent, v. GEORGE NOWLIN, Appellant.

EXCHANGE OF REAL PROPERTY—WRITTEN CONTRACT—AGREEMENT BY EACH OWNER WITH BROKER—PAYMENT OF AGREED SHARE OF COMMISSION—RIGHT OF ENFORCEMENT.—Where in a written contract for the exchange of real property, the owners agree respectively to pay to a real estate broker, who induced the exchange, his agreed share of the broker's commissions, the broker, in the event of default of either owner, may enforce his rights under the contract against him.

ID.—CONTRACT FOR BENEFIT OF THIRD PERSON—RIGHT OF ENFORCEMENT UNDER CODE.—Under section 1559 of the Civil Code, "a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." The contract made expressly for the benefit of the broker, not having been rescinded, may be enforced by him under that section, upon default made by either of the parties contracting in that regard.

ID.—CLAIM OF MISREPRESENTATION BY PARTY SUED—CONFLICTING EVIDENCE—SUPPORT OF FINDING.—Where one of the defaulting parties sued, claimed that the broker had misrepresented as to the dimensions of the ground received by him in the exchange of properties, but the finding was in favor of the broker upon conflicting evidence, it cannot be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, for Appellant.

E. B. Drake, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of plaintiff and from an order denying defendant's motion for a new trial.

On the seventeenth day of May, 1911, one George Nowlin and K. B. Norswing entered into an agreement for the exchange of certain real properties which they severally owned. Plaintiff herein was a real estate broker who, through his agents, performed services in connection with the exchanges of properties, and when the parties above mentioned reduced the terms upon which the exchange was to be made to writing there was incorporated in it the following condition: "It is further understood, as part and parcel hereof, that K. Lundeen is agent for both the parties of the first part and second part, and for his services herein the party of the first part agrees to pay said K. Lundeen the sum of thirteen hundred seventy-five & no/100 dollars ($1375), and the party of the second part likewise agrees to pay said K. Lundeen one thousand and two hundred fifty & no/100 dollars ($1250). Both of said sums from the first party and second party are

due the said K. Lundeen upon the signing of this contract by both parties hereto, and the said K. Lundeen is to perform no further services for either party hereto after this contract is signed.'' The exchange of properties was finally consummated and upon defendant's refusal to pay his portion of the amount agreed to be paid to Lundeen as agent this action was brought. In the answer of defendant it was alleged that plaintiff had misrepresented the dimensions of the property which defendant received in exchange for that which he transferred to Norswing, and that by reason of the alleged misrepresentations defendant was damaged in a large sum of money. The trial court found on the issues in favor of plaintiff and against defendant.

On this appeal it is urged first that the contract imposed no liability on the part of Nowlin to pay plaintiff commissions, as plaintiff was not a party to the exchange and therefore not entitled to enforce any claim against defendant. It appears from the face of the writing as it is there expressly stated that the parties agreed to pay to Lundeen, the plaintiff, the respective amounts mentioned, and an acceptance of this agreement, or offer of agreement, if we may choose so to term it, was indorsed upon the writing under date of the day following the execution thereof. It is provided by section 1559 of the Civil Code, that ''A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.'' This contract was not rescinded and undoubtedly upon default being made by either of the parties contracting in that regard a cause of action arose in favor of plaintiff. (*Washer* v. *Independent M. & D. Co.,* 142 Cal. 702, [76 Pac. 654]; *Stanton* v. *Carnahan,* 15 Cal. App. 527, [115 Pac. 339]; Page on Contracts, vol. 3, sec. 1308.) We have examined the statement used on the motion for a new trial, and also the specifications in which error is assigned on the alleged ground that the findings made by the court are not supported by the evidence. On the question of misrepresentations alleged to have been made by plaintiff as to the dimensions of the ground which defendant received in the exchange of properties, it must be said that there was some evidence to sustain the findings of the court, and that under the familiar rule that a state of conflict in the evidence

20 Cal. App.—27

presents a condition not subject to review by an appellate court, we have no function to perform in determining upon which side the weight of evidence rested. In our opinion, there is presented by the record no error entitling defendant to have the judgment or order denying his motion for a new trial reversed.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 27, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1913.