[Civ. No. 3521. Second Appellate District, Division One.—February 14, 1922.]

## E. G. IRWIN et al., Respondents, v. LENORA MARSTON KLIMPER, Appellant.

[1] BROKER'S COMMISSIONS—STATUTE OF FRAUDS—CONSTRUCTION OF ESCROW INSTRUCTIONS.—Written escrow instructions by the vendor by which the escrow-holder is instructed, among other things, to pay a given sum as commission to certain real estate agents upon the completion of the transaction do not constitute an agreement authorizing or employing such agents to sell the property or a written promise to pay the commission, within the meaning of subdivision 6 of section 1624 of the Civil Code, but at most such order might be construed to be an acknowledgment of obligation on the part of the vendor to pay the stated commission out of the purchase price upon transfer of the property and payment of the consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Smith & Breslin for Appellant.

G. R. Dexter and Howard B. Henshey for Respondents.

CONREY, P. J.—Pursuant to the unwritten request of the defendant, the plaintiffs procured for the defendant a purchaser ready, willing, and able to buy and pay for certain real property at a stated price. [1] Thereupon the defendant signed and delivered to the Hollywood National Bank escrow instructions dated April 10, 1920, which were addressed to the bank and were in part as follows:

"I will hand you a deed executed by —— to Elinor J. Middleton, covering the following described property: [stating description of the property, amount and conditions of payment to be made by the purchaser].

"Pay your escrow charges, also the charges for Cont. certificate of title and recording above.

"Pay all encumbrances of record necessary to show title as above.

"Property subject to all 1920–1921 taxes.

"Insurance to be assigned free.

"Interest to be adjusted as of date of closing.

"Irwin and Henry Realty Company, 5459 Hollywood Blvd., commission $342.50 hold your check for balance for me. . . . "

Mrs. Middleton deposited with the bank the required sum and complied with the conditions required of her by the terms of the escrow. At the time of the trial of this action the money remained with the bank and the purchaser was willing to "go on with the deal." Nevertheless, for reasons which do not appear, the property has not been conveyed to the purchaser. We are not informed whether the failure to complete the sale is caused by willful refusal of the vendor or by her inability to furnish a satisfactory title.

The plaintiffs have prosecuted this action to recover an alleged indebtedness of the defendant to them in the sum of $342.50 for their services in procuring the purchaser for the described real property. It was alleged in the complaint that for said services the defendant promised and agreed in writing to pay. The writing hereinabove described is the only document proved to have been signed by the defendant relating to said transaction. Judgment having been rendered in favor of the plaintiffs, the defendant appeals therefrom.

It is provided in section 1624 of the Civil Code as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent: . . . 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission." If the writing to which we have referred is sufficient to comply with the quoted section of the statute, and thereby constitute a valid contract, then, and then only, the plaintiffs are entitled to recover. We think that the memorandum does not constitute an agreement authorizing or employing the plaintiffs to sell the property or a promise to pay the commission. It is an order which, at most, might be construed to be an acknowledgment of obligation on the part of the defendant to pay the stated commission out of the purchase price on completion of the transaction;

that is to say, upon transfer of the property and payment of the consideration. Looking at it most favorably to the plaintiffs, they are not entitled to recover upon the facts shown in the record, because it has not been proved that the condition has been performed upon which alone the money would be payable.

The judgment is reversed.

Shaw, J., and James, J., concurred.