[Civ. No. 3678. Second Appellate District, Division One.—February 17, 1922.]

## P. B. HARGRAVE et al., Appellants, v. C. J. MOODY et al., Respondents.

[1] BROKER'S COMMISSION—WRITTEN AUTHORIZATION—TERMS—RIGHT OF VENDOR TO REJECT PROPOSED DEAL.—Where the written contract of employment to sell real property specifies the terms upon which the agent is authorized to sell the property, the vendor has a legal right to object to carrying out a deal which provides for the payment of a lesser amount of cash than specified in the authorization of employment.

[2] ID.—LIABILITY OF HUSBAND—ACKNOWLEDGMENT OF EMPLOYMENT—INSUFFICIENCY OF WRITING.—Such written authorization of employment having been signed by the wife only, but she having refused to carry out the proposed deal on account of the terms thereof, the husband cannot be held bound to pay a commission because he dealt with the agents with a knowledge of their employment by his wife and of the terms of that employment, accepted their services and signed the escrow instructions in connection with the proposed deal in which the escrow-holder was authorized to pay the agents a given commission from the proceeds of the escrow when completed.

[3] ID.—RATIFICATION OF ORAL AUTHORIZATION — SUFFICIENCY OF.—In order to make a ratification of oral authorization sufficient where a writing is originally required, the manner of authorization must be equivalent to that which would have been necessary to confer the original authority.

[4] ID. — WRITTEN DIRECTIONS TO ESCROW-HOLDER — CONTRACT UNENFORCEABLE.—The husband not having signed the written authorization of employment of the agents, the escrow instruction signed by him in connection with the proposed deal, wherein the escrow-

holder was directed to pay the agents "from proceeds of escrow when completed" a given sum as "commission," did not furnish sufficient confirmatory evidence to establish an enforceable contract, the escrow never having been completed.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Fleming, Judge *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

Chris Wilson for Appellants.

G. F. Peck for Respondents.

JAMES, J.—Plaintiffs sued to recover the sum of five hundred dollars alleged in the complaint to be owing to them as a broker's commission earned upon the sale of certain real property. The appeal is from the judgment which was entered in favor of the defendants.

It is contended that the evidence presented at the trial court does not sustain the findings upon which the judgment is based. No testimony was offered on behalf of the defendants; hence the question of a conflict of the evidence does not arise. It is shown in the record that one of the plaintiffs, learning that defendants wanted to sell their flat-building in the city of Long Beach, communicated with defendant Mrs. Moody and ascertained that the property was for sale. The agent requested an exclusive agency on the property for three days, which was allowed by Mrs. Moody, the authorization to the agents being expressed on a card over the signature of Mrs. Moody. The terms of sale there expressed were a total consideration of eighteen thousand dollars, one-half in cash and one-half secured by mortgage. The commission agreed upon and in like manner expressed was five per cent on the first ten thousand dollars and two and one-half per cent on the balance of the sale price. Upon the following day the agents presented a proposed purchaser at the Moody house, when both defendants (husband and wife) were present. The proposed purchaser declined to pay eighteen thousand dollars but offered to pay seventeen thousand five hundred dollars, which price, we gather from the testimony, was agreed to by C. J. Moody.

The agent then conducted the proposed purchaser to a bank, where a deposit of one hundred dollars was made on account of the purchase price and an escrow agreement prepared and signed by the latter. This fact was communicated to defendant C. J. Moody, who then suggested a reduction of the amount of the commission, and the agents agreed to accept five hundred dollars. At the request of the agents, defendant C. J. Moody called at the bank, where the proposed purchaser's agreement and instructions had been deposited, and signed the escrow instructions. These instructions provided for entirely different terms as to payment of the purchase price than were expressed in the original authorization given by defendant Mrs. Moody to the agents. This agreement of the purchaser, instead of providing for a nine thousand dollar cash payment, provided for only two thousand five hundred dollars to be paid in cash; the remainder was to be secured by various mortgages. The escrow instructions directed the holder thereof to draw the instruments required, and contained the following clauses: "Buyer is to have possession on or before 30 days from date. $500.00 commission to be paid to Hargrave and Whitely from proceeds of escrow when completed." As far as the record shows, the escrow never was completed by either of the parties. The Moodys refused to execute a deed and the proposed purchaser apparently made no deposit of money in addition to the one hundred dollars which she left at the time she signed the instructions. The evidence does not show that defendant Mrs. Moody consented to the changed terms of sale as they were stated in the escrow instructions different from those expressed in her authorization to the agents. She did not sign the escrow instructions and could only become bound upon the theory that her husband was authorized as her agent to change those terms. There is no evidence that she did in any way either originally authorize, or afterward, ratify, the act of the husband. Section 2310 of the Civil Code provides, referring to the authority of an agent: "Ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified . . . ." While it may be gathered from the testimony that there was some conversation had in Mrs. Moody's presence respecting the reduction in the price from eighteen thousand dollars to seventeen thousand five

hundred dollars, there is nothing at all that we can find which tends to show that the particular terms of payment were presented to the wife before the signing of the escrow agreement, or were in any manner agreed to by her. The plaintiffs did not testify that the changed terms were agreed to by Mrs. Moody; neither did the proposed purchaser. The latter, referring to the acts performed by her in attempting to close the transaction, said: "I did not see Mr. Moody again that day but I went to the escrow department and made my offer." [1] The same witness testified that Mrs. Moody objected to carrying out the deal, for the reason that not enough cash was provided to be paid. We think that it was clearly her legal right so to do.

[2] It is insisted nevertheless that defendant C. J. Moody should be held bound to pay the commission, notwithstanding that he had not given a written authorization to the agents as required to create a valid agency under the provisions of section 1624 of the Civil Code. It is argued that, having dealt with the agents with a knowledge of their employment by his wife and the terms of that employment, and having accepted their services and signed the escrow instructions authorizing the payment to be made to them of five hundred dollars, he became bound as fully as though he had engaged them under the formality of the written authorization required by the code. [3] As we have seen, in order to make a ratification of oral authorization sufficient where a writing is originally required, the manner of authorization must be equivalent to that which would have been necessary to confer the original authority. (Sec. 2310, Civ. Code; *Lambert* v. *Gerner*, 142 Cal. 399 [76 Pac. 53].)

[4] And appellants argue that the expression in the escrow instructions furnished sufficient confirmatory evidence to establish an enforceable contract. Among other cases we are cited to *In re Balfour & Garrette*, 14 Cal. App. 261 [111 Pac. 615]. In that case, after services of the agent had been performed, the vendors wrote a letter to the agents which contained the expression: "We have agreed to pay you a commission of 2½ per cent on same, due and payable when the terms and conditions of the various contracts have been complied with." That expression was taken to import a present agreement to pay a commission upon a consideration rendered. The material expression contained in the escrow

instructions here exhibited constitutes a direction to the escrow-holder to pay five hundred dollars "commission" to these plaintiffs "from proceeds of escrow when completed." This instruction was quite different from an unconditional acknowledgment of the alleged debt; it rested upon a condition, to wit, that it should be paid out of money which the proposed vendee should deposit when the escrow transaction was completed. The conditions authorizing this payment to be made never were satisfied. Mrs. Moody refused to make a deed; consequently the proposed vendee performed no act further in the completion of her part of the escrow transaction. The case is closely parallel as to the question involved and the facts respecting the commission agreement to one which was recently decided by this court and to which we now refer: *Irwin et al.* v. *Klimper, ante,* p. 434 [205 Pac. 714].

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.