WILSON D. ALTHOUSE

*vs.*

CHARLES G. WATSON.

*Broker's Commissions—Deferred Payments—Proceeds of Sale under Vendor's Lien.*

Under an agreement between the vendor of property and the broker who effected the sale, reciting that a sum representing the total commissions on the contract price was "due and owing" to the broker, but that as certain payments on the price had been deferred, commissions should be paid *pro rata* on the price as paid from time to time, the broker was entitled to his *pro rata* commissions on the proceeds of a sale made to the vendor under a vendor's lien, retained by him to secure the deferred payments, and providing that the proceeds of a sale thereunder should be applied on the price.

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Action by Charles G. Watson against Wilson D. Althouse. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Horace P. Whitworth,* for the appellant.

*Charles G. Watson,* with whom was *William A. Gunter* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

This suit was instituted in the Circuit Court for Allegany County to recover commissions on a sale of certain property of the Phoenix & George's Creek Mining Company, a corporation, of which the defendant was president and the owner of all of its outstanding capital stock, for the sum of $168,-000. The vendor and purchaser entered into a written contract of sale, and in pursuance thereof the vendor, on the 22nd of November, 1920, executed a deed for the property to the George's Creek & Phoenix Mining Corporation, a corporation, in consideration of said sum of $168,000. The deed recited that $55,000 of the purchase-price had been paid in cash, provided for the payment of the balance in certain sums and at certain times, reserved a vendor's lien for the unpaid purchase-money, and provided that, in case of default in the payment of any of the notes given for the deferred payments, or in any agreement or condition in the deed, the entire debt intended to be secured by the vendor's lien reserved therein should become due, and that the vendor, its successors or assigns, or Horace P. Whitworth, its agent or attorney, were authorized to sell the property for cash and to apply the proceeds, first, to the payment of all expenses incident to such sale, including a commission of five per cent. to the party making the sale, and, secondly, "to the payment of all monies owing on the purchase-price thereof," and as to the balance, to pay it to the grantee, &c.

On the day of sale, the plaintiff and defendant entered into the following agreement in regard to the payment of plaintiff's commissions on said sale, which was reduced to writing and executed by them on the day after the sale:

"This agreement, made in duplicate, between Wilson D. Althouse, party of the first part, and Charles G. Watson, party of the second part, witnesseth:

"Whereas, the sum of thirty thousand dollars is due and owing to the said Charles G. Watson for services as a commission to be paid upon the consummation of a sale of all of the property and interests of the

Phoenix and George's Creek Mining Company, located near Reynol's Station, Allegany County, Maryland; and,

"Whereas, the property has been sold through the said services of the said Charles G. Watson to the George's Creek and Phoenix Mining Corporation for the sum of one hundred and sixty-eight thousand dollars.

"Now, therefore, this agreement witnesseth, that as between the parties hereto and as providing for the time of payment of said commissions so due as aforesaid, it is understood that whereas certain payments on the purchase price have been deferred, that said commissions shall be paid pro rata to the said Charles G. Watson as the payments of the purchase price are received from the purchasers. Furthermore, that the sum of $15,446.43 is hereby acknowledged to have been already paid to the said Charles G. Watson to be credited upon said commissions. That the terms of said sale and upon which the commissions are to be paid as aforesaid, are as follows:

"Fifty-five thousand dollars in cash. Ten thousand dollars on the twenty-second day of January. Ten thousand dollars on the twenty-second day of February. Ten thousand dollars on the twenty-second day of March. Ten thousand dollars on the twenty-second day of April. Ten thousand dollars on the twenty-second day of May. Ten thousand dollars on the twenty-second day of June and fifty-three thousand dollars on the twenty-second day of July, in the year nineteen hundred and twenty-one (1921).

"It being the object of this agreement to establish the fact that commissions are to be paid pro rata on that portion of the purchase price as is paid from time to time to the seller and to show that the said sum of $15,446.43 has been paid on said commissions and that no further commissions are to be paid to the said Charles G. Watson until the pro rata portion of his commissions on payments actually made by the seller,

shall exceed the said sum of money so heretofore paid
on the same as herein set forth and acknowledged

"This agreement being made by Wilson D. Althouse
personally as the owner of all of the corporate stock
of the said The Phoenix and George's Creek Mining
Company, the seller of the property aforesaid.

"Wilson D. Althouse,        (Seal)

"Charles G. Watson.        (Seal)

"Witness:—H. P. Whitworth."

The above contract and the deed referred to were offered
in evidence, and the evidence also shows that, in addition to
the cash payment of $55,000, the buyer paid to the seller,
on March 16th, 1921, $10,848.10, of which $101.67 was
interest, and the balance of $10,746.43 was credited on the
purchase-price of the property (said sum of $10,848.10 hav-
ing been paid by assignment of accounts against the P. & R.
Railroad, and collected by the defendant), and on April 29th,
1921, paid the further sum of $8,006.06, of which $265.86
was credited to interest, and the balance of $7,740.20 to the
purchase-price of the property; that no further payments were
made by the buyer to the seller; that in November, 1921, the
property was offered at public sale by Horace P. Whitworth
under the power of sale contained in said deed; that at said
sale the property was purchased by the defendant, as the
highest bidder, for $40,000, and that after deducting all ex-
penses, taxes, &c., the auditor in No. 9012 equity, in the Cir-
cuit Court for Allegany County, distributed the balance of
the proceeds of said public sale, to wit, $37,594.87, to be
applied in part payment of the amount due and secured by the
vendor's lien, leaving as the balance of the original purchase-
price "still due Wilson D. Althouse by the George's Creek
and Phoenix Mining Corporation" $61,077.10.  It also ap-
pears by an agreed statement of facts that in addition to the
sum of $30.000 specified in the written contract mentioned,
it was agreed that a further sum of $3,000 was to be paid to
the plaintiff on the same terms, and that the following pay-

ments were made on said additional sum; $982.14 on November 23rd, 1920; on March 16th, 1920, $191 as commissions on the first deferred payment; on April 29th $138.22 as commissions on the $8,006.06 payment made at that time, and that the total payments made to the plaintiff on account of said $3,000 amounted to $1,312.26.

The case was submitted to the court below without a jury, and resulted in a judgment for the plaintiff for $5,061.06, from which this appeal was taken. The only exception in the record is to the rejection of two prayers of the defendant, which sought an instruction that the plaintiff was not entitled to recover, and the only question raised by this appeal is whether, under the contract mentioned, the plaintiff is entitled to commissions on the $37,594.87 realized as the net proceeds of the sale made under the provisions of the deed to the purchaser.

The contention of the appellant is that the plaintiff under his written contract is only entitled to commissions on such payments as were actually made by the purchaser. He relies upon the cases of *Murray* v. *Rickard,* 103 Va. 132, and *Roach* v. *McDonald,* 187 Ala. 64. In *Murray* v. *Rickard, supra,* the contract between the broker and the owner of the property, which set out the terms on which the sale should be made, not only expressly provided that the agent's commission of five per cent. was "to be paid out of the payments (of the purchase-money) as made," but further provided that should any of the deferred payments of the purchase-price "not be made at maturity, all former payments to be forfeited and neither party to have any claim upon the other," and the court laid stress upon the latter feature of the contract. In the case at bar, the deed made in pursuance of the contract of sale, instead of providing for a forfeiture, reserved to the vendor a lien, and the right to enforce payment of the purchase-price by a sale of the property and application of the proceeds to the payment thereof. In *Roach* v. *McDonald, supra,* in which three of the seven judges dissented from the

opinion of the court, the vendor gave the real estate agent who made the sale his notes for the commissions he would be entitled to on the deferred payments of the purchase-price of the property, with the understanding, expressed in writing on the notes, that they "were not to become obligations" of the seller "until the notes of Gable (the purchaser) for the deferred purchase-money were paid," while in this case the contract between the plaintiff and defendant declares in terms that the sum of $30,000 (commissions on the contract price) "is due and owing" to the plaintiff. The cases relied on by the appellant are, therefore, readily distinguishable from the case we have under consideration.

Section 17 of article 2 of the Code provides: "Whenever, in the absence of special agreement to the contrary, a real estate broker employed to sell * * * real or leasehold estates * * * procures in good faith a purchaser * * *, and the person so procured is accepted as such by the employer, and enters into a valid, binding and enforceable written contract of sale * * *, in terms acceptable to the employer and such contract is accepted by the employer and signed by him, the broker shall be deemed to have earned the customary or agreed commission, as the case may be, whether or not the contract entered into be actually (carried) into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker." As a contract of sale was entered into by the employer and the purchaser procured by the plaintiff, the plaintiff was entitled to the "agreed commission" on the sale unless he has waived it by his contract. Now the contract in question begins with the statements that the sum of $30,000 "is due and owing" to the plaintiff, and that the property was "sold through the said services" of the plaintiff. It then states that "it is understood that whereas certain payments on the purchase price have been deferred, that said commissions shall be paid *pro rata*" to the plaintiff "as the payments of the purchase price are received from the purchasers," and "that the sum of $15,446.43 is hereby acknowl-

edged to have already been paid to the" plaintiff "to be credited upon said commissions." After setting out the terms of sale, the contract then proceeds: "It being the object of this agreement to establish the fact that commissions are to be paid *pro rata* on that portion of the purchase price as is paid from time to time to the seller and to show that the said sum of $15,446.43 has been paid on said commissions and that no further commissions are to be paid to the said Charles G. Watson until the *pro rata* portion of his commissions on payments actually made (received) by the seller, shall exceed the said sum of money so heretofore paid on same as heretofore set forth and acknowledged." The object, therefore, of the written agreement, as stated therein, was to show that $15,446.43 had already been paid on the commissions of $30,000 then "due and owing" to the plaintiff, and to provide that the balance of his commissions were to be paid proportionately as the purchase-price was paid from time to time to the seller, but that no further commissions were to be paid until the commissions on the payments received by the seller exceeded the amount of the commissions the plaintiff had already been paid. Instead of making his right to further commissions on the sale conditional upon the payment in cash by the purchaser of the balance of the purchase-price, the agreement seems to clearly provide that the plaintiff is entitled to commissions on all sums received by the seller on account of the purchase-price.

The amount realized from the sale of the property under the provisions of the deed was, in accordance with the terms of said deed, applied as a credit on the balance of the purchase-price due under the terms of the original sale, and the fact that the defendant became the purchaser at the second sale cannot change the legal effect of such application of the proceeds. If the $37,594.87 had been paid directly by the purchaser to the seller the plaintiff would undoubtedly have been entitled under his contract to commissions on that sum, and there can be no sound reason in this case why the appli-

cation of the proceeds of sale of the purchaser's property to
the payment of the purchase-price should not give him the
same right.   It was just as much a part payment by the
purchaser of the purchase-price as if the purchaser had paid
it in cash, without compelling the vendor to sell his property
for that purpose.   Certainly no authority need be cited for
this proposition, and the case of *Crane* v. *Eddy,* 191 Ill. 645,
which sustained the agent's right to his commissions under
like circumstances, seems to be directly in point.

As the seller of the property under the contract of sale with
the purchaser procured by the plaintiff received the $37,-
595.87 as a credit on the contract price of the property, we
think the appellee was entitled under his contract with the
appellant to commissions on that sum, and that the court
below properly rejected the prayers asked for by the de-
fendant.

*Judgment affirmed, with costs.*