[Civ. No. 5497. First Appellate District, Division One.—March 7, 1927.]

FRIEND W. COLE, JR., et al., Respondents, v. OLLIE I. LOW, Appellant.

[1] CONTRACTS—INTERPRETATION AND EFFECT—CONSTRUCTION.—Under section 1641 of the Civil Code and section 1858 of the Code of Civil Procedure, a contract must be so construed as to give force and effect, not only to every clause, but to every word in it, so that no clause or word may become redundant, unless such construction obviously would be repugnant to the intention of the parties, to be collected from its terms, or would lead to some absurdity.

[2] BROKER'S COMMISSIONS — CONTRACTS — CONSTRUCTION. — In this action by a broker to recover commissions on the sale of real property, the words "commissions of $3,400 to Cole Bros.," contained in the contract of purchase and sale, immediately preceding the signatures of the seller and the buyer, implied a promise to pay the amount of the commissions stated as compensation for past services, which resulted in bringing about the consummation of the contract.

[3] ID.—PAYMENT OF COMMISSIONS—NATURE OF CONTRACT—PRESUMPTIONS.—In such action, the omission to specify in the contract of

---

1. Construction of repugnant clauses, note, 60 **Am. St. Rep.** 93. See, also, 6 **Cal. Jur.** 258, 280; 6 **R. C. L.** 837, 847.

3. Liability under joint contract of buyer and seller of realty to pay commissions, note, **Ann. Cas.** 1918B, 180. See, also, 8 **Cal. Jur.** 1057.

purchase and sale whether the seller or buyer, or both, should pay said commissions was not fatal to its validity, since, under section 1659 of the Civil Code, the obligation to pay said commissions must be presumed, in the absence of express or implied language to the contrary, to be a joint and several one and enforceable against the seller alone at the option of the promisee.

[4] ID.—LIABILITY FOR COMMISSIONS—JOINT AND SEVERAL PROMISE—DEFENSES—WAIVER.—In such action, while the obligation to pay said commissions was a disputable one, the seller having failed to plead a joint liability must be deemed to have waived such defense, and the contract of purchase and sale not having been rescinded, a cause of action arose in the broker's favor, upon default of the seller to carry out its terms.

[5] ID.—TIME OF PAYMENT—CONSUMMATION OF SALE.—In such action the provision in said contract relating to the payment of commissions was not rendered unenforceable by reason of its failure to fix the time of payment, since the commissions became due immediately upon the execution of the contract, whether or not the sale was finally consummated.

(1) 9 C. J., p. 561, n. 27; 13 C. J., p. 527, n. 46, p. 539, n. 15, p. 540, n. 22.    (2) 9 C. J., p. 556, n. 96.    (3) 9 C. J., p. 585, n. 90; 13 C. J., p. 578, n. 25.    (4) 31 Cyc., p. 738, n. 3.    (5) 9 C. J., p. 561, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter Gould Lincoln for Appellant.

John E. Biby and Harry C. Biby for Respondents.

KNIGHT, J.—This is defendant's appeal, taken on the judgment-roll alone, in an action to recover a sum of money alleged to be due as real estate commissions under the terms of a written agreement entered into between appellant as seller and F. de la Guardia as buyer for the sale of appellant's apartment house in Los Angeles.

5. Time for payment of commissions, note, Ann. Cas. 1914D, 395. When commissions are earned, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225. See, also, 4 Cal. Jur. 596; 4 R. C. L. 330.

A copy of the entire agreement is annexed to the amended complaint and is made a part of each of the two counts set forth therein, the particular provision of said agreement upon which respondents rely as the basis for the recovery of their commissions being inserted at the end of said agreement, immediately preceding the signatures thereto of the seller and the buyer, and reading as follows: "Commissions of $3400 to Cole Bros."

Appellant contends that the provision mentioned does not meet the requirements of the sixth subdivision of section 1624 of the Civil Code, which provides that an agreement authorizing or employing an agent or broker to purchase or sell real estate for a commission is invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent; and that therefore neither count of said amended complaint states a cause of action.

The allegations of the two counts are identical in form with the one exception hereinafter noted, all of which allegations the trial court found to be true. Among the other facts alleged were the following: That appellant verbally employed respondents as a licensed firm of real estate brokers to negotiate the sale of said apartment house for $90,000 and agreed to pay them therefor a commission of five per cent on the selling price; that thereafter respondents produced a purchaser in the person of de la Guardia with whom appellant entered into said written agreement whereby she agreed to sell and de la Guardia agreed to buy said property, under the terms and conditions therein stated, for the sum of $85,000, part of which was to be paid in cash within a specified time and the balance by the execution of certain encumbrances on the property, to be delivered in escrow; that subsequently appellant refused to consummate said sale or to pay respondents any part of said commission. As to the obligation to pay said commission it was alleged that in and by said written agreement "it was provided that said defendant did thereby promise and agree to pay Cole Bros., plaintiffs herein, a commission in the amount of thirty four hundred ($3400) dollars for services rendered in her behalf in and about the securing of the execution of said

agreement and negotiating for the sale of said property to said F. de la Guardia.''

The second count differs from the first count only by the inclusion of the additional allegation that ''said instrument in writing or agreement executed by and between Ollie I. Low and with F. de la Guardia hereunto annexed and marked 'Exhibit A' was and is an agreement in writing made for the express benefit of plaintiffs herein, and said agreement has not been rescinded by the parties thereto.''

The foregoing allegations clearly indicate that in neither count do respondents base their right of recovery upon the theory that the provision mentioned constituted an agreement in writing or any note or memorandum subscribed by appellant or her agent authorizing or employing them as agents or brokers to sell said property; nor was appellant held liable for the payment of said commissions on that ground. The first cause of action, as shown by its allegations, is founded upon the doctrine that where services have been rendered with the intention that they shall be paid for, but payment therefor is unenforceable because there exists no written contract between the parties, and after rendition of said services the party receiving the benefit thereof promises, in writing, to pay therefor, his moral obligation to pay for what he has previously received furnishes a consideration to support the subsequent promise to pay. (*Crawford* v. *Kennedy*, 64 Cal. App. 719 [222 Pac. 644]; *Carrington* v. *Smithers*, 26 Cal. App. 460 [147 Pac. 225]; *Muir* v. *Kane*, 55 Wash. 131 [19 Ann. Cas. 180, 26 L. R. A. (N. S.) 519, 104 Pac. 153]; *Mohr* v. *Rickgauer*, 82 Neb. 398 [26 L. R. A. (N. S.) 533, 117 N. W. 950]; *Bagaeff* v. *Prokopik*, 212 Mich. 265 [17 A. L. R. 1292, 180 N. W. 427]); and the second cause of action is grounded upon the theory that the provision of said agreement relating to commissions was made expressly for respondents' benefit and that said agreement not having been rescinded, the provision mentioned may be enforced by respondents under section 1559 of the Civil Code, which declares that ''A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it.'' (*Lundeen* v. *Nowlin*, 20 Cal. App. 415 [129 Pac. 474]; *Stanton* v. *Carnahan*, 15 Cal.

App. 527 [115 Pac. 339]; *Washer* v. *Independent etc. Co.,* 142 Cal. 702 [76 Pac. 654].)

It will therefore be seen that in both counts respondents rely upon an alleged subsequent written promise to pay for past services, and, consequently, that portion of the statute of frauds invoked by appellant is not pertinent, the determinative question being whether said agreement as a whole fairly implies a promise to pay for said past services.

[1] Among the rules given for the interpretation of contracts generally are the following: A contract shall be so construed as to give force and effect, not only to every clause, but to every word in it, so that no clause or word may become redundant, unless such construction would be obviously repugnant to the intention of the parties, to be collected from its terms, or would lead to some absurdity (6 Cal. Jur., p. 259; Civ. Code, sec. 1641; Code Civ. Proc., sec. 1858; *Hyatt* v. *Allen,* 54 Cal. 353), and, furthermore, "must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." (Civ. Code, sec. 1643.)

[2] Construing the provision of the agreement relating to said commissions in the light of the foregoing rules, we think the language used therein clearly implies a promise to pay the amount of commissions stated as compensation for past services, which resulted, as the findings show, in bringing about the consummation of a binding agreement for the purchase and sale of appellant's property. The parties to said agreement must have had in mind some useful purpose in inserting said provision in the agreement, and no other meaning than the one just stated can be fairly ascribed to it if it be made operative and capable of being carried into effect; and obviously such construction is not repugnant to the intention of the parties as expressed by them in said agreement, nor does it lead to absurd results.

[3] The omission to specify therein whether the seller or the buyer, or both, should pay said commissions is not fatal to its validity. Section 1659 of the Civil Code provides: "Where all the parties who unite in a promise re-

ceive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several." Appellant and de la Guardia both signed the agreement in question, thereby uniting in the promise to pay said commissions, and since respondents' services in negotiating the purchase and sale of said property and in obtaining the execution of a binding written agreement for that purpose were manifestly of "some benefit" to the buyer as well as to the seller, the obligation to pay said commissions must be presumed, in the absence of express or implied language to the contrary, to be a joint and several one, and, consequently, enforceable against the seller alone at the option of the promisee. [4] Such presumption is doubtless a disputable one, but appellant having failed to plead a joint liability must be deemed to have waived such defense (*Russ* v. *Tuttle,* 158 Cal. 226 [110 Pac. 813]), and the contract of purchase and sale not having been rescinded, as the findings show, a cause of action arose in respondents' favor, upon the default of appellant to carry out its terms. (*Lundeen* v. *Nowlin, supra.*)

[5] Neither does the failure of said provision to fix the time of payment of said commission render it unenforceable, for the reason that appellant accepted the purchaser procured by respondents by entering into a valid contract of sale with him, and, consequently, the commission became due immediately, whether or not the sale was finally consummated. (*Johnson* v. *Krier,* 59 Cal. App. 330 [210 Pac. 966]; *Freeman* v. *Creelman,* 60 Cal. App. 14 [212 Pac. 56].)

The facts of the case of *Irwin* v. *Klimper,* 56 Cal. App. 434 [205 Pac. 714], cited by appellant, are materially different from those of the instant case, for there the document considered did not purport to be a subsequent promise to pay commissions, being shown upon its face to be merely an order directed to an escrow-holder, and therefore it could not be construed as being a promise to pay commissions without doing violence to the intention of the seller who alone signed the same. Nor does the instrument which was involved in the later case of *Crawford* v. *Kennedy, supra,* bear any analogy to the provision of the agreement here in question, because as the court there remarked in holding said instrument to be fatally indefinite:

"It does not mention any services nor the nature of any indebtedness; it does not state the amount of the indebtedness, nor any method by which it could be computed." The provision here under attack is not lacking in any of the elements mentioned.

For the reasons hereinabove assigned, we conclude that each count in the amended complaint states a cause of action, and, therefore, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.