[Civ. No. 4916. Second Appellate District, Division One.—October 6, 1927.]

R. L. CANNON, Appellant, v. E. E. SELMSER, Respondent.

Shreve, Dorn & Shreve & Tyler for Appellant.

Edward T. Lannon for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff appeals from a judgment rendered for defendant in a suit brought for the recovery of a real estate commission.

Plaintiff and defendant entered into a written agreement on February 6, 1923, which recited that the plaintiff had made a sale to Frank G. Miller of a property known as the Cannon ranch, for a consideration of $32,500, and for the first payment on which Miller deeded his $6,000 equity in a five-acre lemon orchard at Lemon Grove, leaving a balance due on the Cannon ranch of $26,500, which Miller

agreed to pay, with six per cent interest payable semi-annually, in payments of $2,000 each year for ten years, when the unpaid portion of the entire amount was to be paid. The agreement contained the following language: "It is agreed that R. L. Cannon is to receive an accrued balance of commission of one thousand and seventy-seven dollars and 50/100 ($1,077.50), which is to be paid to the said R. L. Cannon when the said Frank G. Miller makes his first payment of $2,000, together with accrued interest on the $26,500. It is also agreed that in case R. L. Cannon should sell the above described lemon orchard at Lemon Grove for a consideration of $8,500, or other price acceptable to the sellers, subject to the $2,000 mortgage, and a sufficient payment is made on this orchard to satisfy the sellers, R. L. Cannon is then to receive the above mentioned balance of one thousand seventy-seven & 50/100 dollars ($1077.50), instead of waiting for the first payment of $2,000 and interest from Frank G. Miller." Miller did not make the first payment of $2,000, or the interest due on the $26,500, on February 6, 1924, according to the terms of the foregoing contract. The defendant took a trust deed on the Cannon ranch from Miller as security for the payment of said sum of $26,500, and upon the failure of Miller to make the said payment of $2,000 and interest on February 6, 1924, the defendant foreclosed the trust deed and recovered title to the Cannon ranch.

It is the appellant's contention that the payment of the $1,077.50 was not contingent, but was due on February 6, 1924; that by the foreclosure of said trust deed and sale of said property the said Miller was precluded from making payment of said $2,000, and in equity said $1,077.50 became due and payable immediately upon the sale under said trust deed, if not already due; and that the court erred in rejecting the evidence of when the parties understood the $1,077.50 was to be paid. We cannot agree with these contentions. The contract was definite and certain as to when the $1,077.50 was to be paid, namely, "when the said Frank G. Miller makes his first payment of $2,000, together with accrued interest, on the $26,500," unless the Lemon Grove orchard should be sold according to the terms provided. Under the contract of the parties the commission was not earned until the foregoing contingency

occurred. Foreclosure cannot be held the equivalent of payment of the first $2,000 installment, with accrued interest, which was the particular contingency upon which the parties contracted the commission should be earned. After foreclosure the respondent found himself in possession of the property originally owned and sold by him—the Cannon ranch—after being out of possession for more than one year, without payment of any accrued interest, and after being put to the expense of obtaining possession. True, the respondent also held the equity in the Lemon Grove orchard, the estimated value of which was $6,000. But this was not the contingency upon which the respondent agreed to pay the commission. Parties are bound by their written contract. If appellant desired the payment of commission on February 6, 1924, without any contingency, he should have demanded such provision in the contract. Courts have no power to make contracts between the parties, or to say what the parties intended by the contract, where its provisions are definite and certain. It is quite conceivable that had the appellant demanded an absolute agreement to pay the commission, respondent would not have made the contract at all. In the following cases it was held that conditions precedent were valid where it was provided that the commission should be paid out of the purchase price only; therefore, that the commission was not earned until the purchase price was paid: *Hargrave* v. *Moody,* 56 Cal. App. 498 [205 Pac. 890]; *Irwin* v. *Klimper,* 56 Cal. App. 434 [205 Pac. 714]; *Dunne* v. *Colomb,* 192 Cal. 740 [221 Pac. 912]. In the latter case it is said, page 745: "Where the vendee is in default there is no longer any legal obligation on the vendor to proceed with the performance of the contract. The law gives him the right to regard the contract as at an end. The law prescribes no penalty for the exercise of this right. The default of the vendee, with the consequent destruction of the right of the broker to his commission, was a contingency inherent in the contract, the risk of the occurrence of which was assumed by the broker."

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.