■ Franklin E. Everson, Respondent, v. Maurice Newton, Appellant. — In an action brought by plaintiff to recover brokerage commissions earned in bringing about the sale of defendant's property, defendant appeals from an order of the Supreme Court, Westchester County, dated September 26, 1960, denying his motion to dismiss each cause of action in the complaint on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106). Defendant, the owner of real estate, employed the plaintiff broker to procure a purchaser. Plaintiff did procure a purchaser. Plaintiff and defendant thereupon contracted in writing that plaintiff was to receive a 5% commission, to be paid as the installments of the purchase price were received by defendant in cash; in the event of default under the mortgage, if the premises were returned to defendant in whole or in part, no commissions were payable with respect to the property returned to defendant. The purchase price was $231,500, payable $30,000 on delivery of the deed, and the balance by purchase-money mortgage payable in three equal annual installments beginning April 7, 1956. The complaint pleads two causes of action. In the first plaintiff alleges that, without his knowledge or consent, defendant extended the time for payment of the mortgage from April 7, 1958 to April 7, 1960, and that such extension deprived plaintiff of the balance of the commissions which, but for the acts of defendant, would have become payable on April 7, 1958. In the second cause of action plaintiff alleges that on May 11, 1959, defendant instituted a foreclosure action, in which judgment of foreclosure and sale was entered; that on March 18, 1960, the premises were sold in foreclosure to a third party for an amount sufficient to pay the entire mortgage balance and that such purchaser was ready, able, and willing to pay the entire purchase price in cash, but defendant waived his right to receive the balance in cash and accepted a purchase-money mortgage for part of the purchase price. Order modified as follows: (1) by striking out its two decretal paragraphs; (2) by substituting one paragraph granting defendant's motion as to the first cause of action and dismissing such cause of action, with leave to the plaintiff, however, if so advised, to serve an amended complaint as to such first cause of action; and (3) by substituting another paragraph denying the defendant's motion as to the second cause of action. As so modified, the order is affirmed, without costs. Plaintiff's time to serve an amended complaint is extended until 30 days after entry of the order hereon. Defendant's time to serve his answer is extended until 20 days after plaintiff shall have served either the amended complaint or a notice electing not to serve such complaint. The first cause of action does not sufficiently allege that on April 7, 1958 the mortgage would have been paid by the purchaser procured by plaintiff were it not for the extension granted by defendant. In order to recover on this cause of action, plaintiff must allege and prove, not only the execution of the extension agreement, but also that the purchaser was ready, able, and willing to pay the balance of the mortgage on April 7, 1958, and would have done so except for the execution of the extension agreement. (*Gent* v. *Midtown Holdings Corp.*, 10 A D 2d 901; *Seymour* v. *St. Luke's Hosp.*, 28 App. Div. 119.) The second cause of action is sufficient. While, by the express terms of the contract between plaintiff and defendant, defendant would not be liable for commissions if he had become the purchaser at the foreclosure sale, defendant is liable for commissions where, as here, a third party became the purchaser at the sale (*White* v. *Murphy*, 236 S. W. 674

[Mo.]; *Crane* v. *Eddy*, 191 Ill. 645). The brokerage commission under the contract was due on payment of the mortgage, regardless of the source of the payment. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.