(155 App. Div. 260.)

## JOHN REIS CO. v. ZIMMERLI.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

1. BROKERS (§ 82*)—ACTION FOR COMMISSION—PERFORMANCE OF CONTRACT—COMPLAINT.

Where a broker's complaint for commissions alleged that defendant agreed to pay 2½ per cent. on the purchase price on the passing of title to the purchaser as agreed, but failed to allege that the title had ever passed to the purchaser, or that it failed to pass by reason of any fault on defendant's part, it was demurrable.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

2. PLEADING (§ 225*)—DEMURRER—COMPLAINT—AMENDMENT—SCOPE.

Where a demurrer was sustained to the complaint, on the ground that the facts stated did not constitute a cause of action, plaintiff was entitled to leave to amend by pleading any other and further facts that he might have in support of his claim, and should not be limited to an allegation of particular facts wanting in the original complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–583; Dec. Dig. § 225.*]

Appeal from Special Term, Kings County.

Action by the John Reis Company against Edward Zimmerli. From an order dismissing plaintiff's complaint on the pleadings, and permitting plaintiff to amend, it appeals. Modified and affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry M. Dater, of Brooklyn (George F. Elliott and Jay S. Jones, both of Brooklyn, on the brief), for appellant.

Leonard J. Reynolds, of Brooklyn (Richard A. Geis, of Brooklyn, on the brief), for respondent.

WOODWARD, J. [1] The plaintiff brings this action to recover a commission alleged to have been earned in the selling of certain real estate for the defendant. The complaint alleges the employment and that its representative procured a purchaser ready, willing, and able to make the purchase upon the terms fixed by the defendant, and that such contract was actually entered into between the defendant and the proposed purchaser, and that by the terms of such contract the defendant recognized the plaintiff's representative as the procuring cause of the sale and agreed to pay the sum of 2½ per cent. upon the purchase price of $45,000, upon terms fixed by the said defendant, "upon passing of title as agreed." The complaint fails, however, to allege that the title to said premises ever passed, or that it failed to pass by reason of any fault on the part of the defendant, and we are clearly of the opinion that under the authority of Larson v. Burroughs, 131 App. Div. 877, 116 N. Y. Supp. 358, the learned court properly sustained the defendant's demurrer to the complaint and permitted an amendment thereto.

[2] We apprehend, however, that the learned court at Special Term did not intend, by its order, to limit the right of the plaintiff in pleading over to the particular allegations suggested. A party has a right to plead his cause of action, whatever it may be; and where the demurrer is upon the ground that the facts stated did not constitute a cause of action, it is proper that the plaintiff should be permitted to plead such other and further facts as he may have in support of his claim, and if the order appealed from may be interpreted to limit the plaintiff to "affirmatively alleging that the contract annexed to and made a part of the complaint was not carried out, and that the non-performance of the same was the fault of the defendant," it should be modified, so as to permit the plaintiff to set forth any facts which may entitle him to recovery in the present action. Under the circumstances, we think the costs and disbursements of this appeal should be allowed the respondent.

As thus modified, the order appealed from should be affirmed, with $10 costs and disbursements to the respondent. All concur.