## JOHN REIS CO. v. ZIMMERLI.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

BROKERS ☞60—REAL ESTATE BROKERS—SUIT FOR COMMISSION—RIGHT TO RECOVER.

> Where the owner of realty agreed to pay the broker who negotiated its sale a commission when title passed, and such title never did pass, the broker could not recover on such agreement.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig ☞60.]

Appeal from Trial Term, Kings County.

Action by the John Reis Company against Edward Zimmerli. From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals. Reversed, and complaint dismissed.

See, also, 155 App. Div. 260, 140 N. Y. Supp. 3.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Leonard J. Reynolds, of Brooklyn (Richard A. Geis, of Brooklyn, on the brief), for appellant.

Henry M. Dater, of Brooklyn (Jay S. Jones and Edward J. Fanning, both of Brooklyn, on the brief), for respondent.

RICH, J. The defendant appeals from a judgment directed in favor of the plaintiff at the close of the evidence, in an action to recover for services rendered by a broker in procuring a purchaser for real property owned by the defendant. Each party moved for the direction of a verdict; the defendant's motion was denied, and plaintiff's granted.

The only question presented by this appeal is whether the evidence is sufficient to sustain the verdict. It is not disputed that plaintiff's secretary and treasurer procured a purchaser who was ready, willing, and financially able to purchase defendant's property upon terms which were satisfactory, and it appears that a contract providing for the

purchase of the property was duly executed, and that at the time of the execution $2,000 was paid to the defendant.

The only proof of any agreement on the part of defendant to pay commissions is contained in the contract providing for the sale, as follows:

"The seller agrees that Mr. Ohnewald, of Reis & Co., brought about this sale and agrees to pay the broker's commission therefor, and who shall be entitled to his commission upon passing of title as agreed."

When the action was commenced, the plaintiff based its right of recovery upon that provision of the contract; the allegation in the complaint being that the defendant recognized, in such contract, the plaintiff's representative as being the procuring cause of the sale and agreed to pay it the sum of 2½ per cent. of the purchase price of $45,000 "upon passing of title as agreed."

Upon an appeal from an order sustaining defendant's demurrer to the complaint, we held it to be defective, in that it failed to allege that the title to the premises ever passed, or that it failed to pass by reason of fault on the part of the defendant, and consequently failed to state a cause of action. 155 App. Div. 260, 140 N. Y. Supp. 3. The complaint as subsequently amended declared upon an alleged agreement entirely independent of the one contained in the contract of sale, but the difficulty with his case is that he made no proof of any independent agreement. The only evidence of an employment or agreement to pay commissions is furnished by the clause in the contract quoted above, which was introduced in evidence by the plaintiff under that clause. The defendant did not become obligated to pay a commission until the passing of title. It was shown that the title never passed, and consequently the plaintiff was not entitled to the commission. The defendant's exception to the denial of the motion for a direction of a verdict in his favor, and to the direction of a verdict in favor of the plaintiff, were both well taken.

It follows that the judgment and order must be reversed, and the complaint unanimously dismissed, with costs. All concur.