TAYLOR & ROSE, INCORPORATED, RESPONDENT, v. JOHN
BUONINCONTRI, APPELLANT.

Submitted November 5, 1924—Decided April 23, 1925.

Where a contract by a purchaser of real estate with a real estate
agent provided for the payment of a commission in consideration
of negotiating the purchase, and for payment of the commission
at the time of passing title, the agent is entitled to the commis-
sion when he negotiates a purchase satisfactory to his principal,
and his right to the commisssion is not contingent upon the pass-
ing of title.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the respondent, *Isserman & Isserman.*

For the appellant, *Anthony R. Masi.*

The opinion of the court was delivered by

MINTURN, J.    The appeal is taken from a judgment ren-
dered by the judge of the Second District Court of Newark,
without a jury, in favor of plaintiff, in a suit by plaintiff as a
real estate agent, to recover commissions for negotiating the
sale of real estate upon the following contract:

"In consideration of your having negotiated the purchase
of No. 36 Arlington avenue, Newark, N. J., for me, I hereby
agree to pay Taylor & Rose, Inc., a commission of three hun-

dred dollars ($300) for their services. This payment to be made in cash at the time of passing of title to the above-referred property.

Signed JOHN BUONINCONTRI.

Witness:

ABRAHAM J. ISSERMAN."

On the 21st day of March, 1924, the defendant entered into an agreement with the P. & G. Realty Company and Philip Rabinowitz and Ida Rabinowitz, his wife, for the purchase of the premises mentioned in the commission agreement.

In accordance with the terms of the agreement the vendors were to deliver the property subject to certain mortgages, and to deliver possession to the vendee on the 15th day of April, 1924. This time was extended until May 1st, 1924, and the extension provided that in the event the P. & G. Realty Company would be unable to deliver the premises on May 1st, 1924, the vendors agree to return the $300 and counsel fee.

The vendors, on May 1st, 1924, obtained a judgment for possession, and were ready to give to the vendee possession of the premises, but the vendee failed to appear and failed to make a tender of the purchase price, and on a later day, although the vendors were ready, able and willing to deliver possession of the premises, the vendee failed to appear and refused to accept title.

The simple legal question involved is the construction to be given to the language of the contract, viz., "at the time of the passing of title to the above-referred property."

We think the judgment appealed from was legally correct. To absolve a defendant from payment of commissions in such a situation, it must appear that the payment was to be made contingent upon the actual transfer of the title, and that the stipulated remuneration for the service rendered it not to be payable unless the title shall have passed. The contract *sub judice* is based as a consideration not upon the passing of the title, but "in consideration of your having negotiated the purchase" of the property. Such was the effect of our decision in *Dickinson* v. *Walters,* 100 *N. J. L.* 62. The

subsequent language of the contract "at the time of passing title" to the property must be construed to indicate the time when the commission will be payable, and not serve as a barrier to the payment of the commissions under any and all circumstances. Such was the effect of our adjudication in *Ranchwanger* v. *Kitzin,* 82 *Id.* 339, where we declared where real estate brokers, in pursuance of a written contract, whereby the vendor of the property authorized them to procure a purchaser, and agreed to pay them a stated commission on the day of settlement, but did not fix such date, procured a purchaser, and the vendor refused to execute the conveyance, he cannot escape payment of the commission on the ground that it must be postponed *ad infinitum* because the day of settlement may never be fixed.

There are cases where the contract manifested such an intent in plain terms, and, manifestly, in such a situation the court cannot by construction unmake the contract of the parties. Such cases are illustrated by *Schwartz* v. *Handler,* 99 *Atl. Rep.* 437; *Reis Co.* v. *Zimmerli,* 156 *N. Y. Supp.* 327.

In a situation like the present, where, due to the peculiar connotation of the language employed, legal construction must be invoked, we prefer to follow those adjudications of this jurisdiction which to us seem to lead at least to a solution consistent with practical justice as evidenced by the facts.

The judgment will be affirmed.