HERMAN RODGERS and Others, Respondents, *v.* BERTHA DEVELOP-
MENT CO., INC., and Others, Defendants.

SAMUEL MICHAEL, Purchaser, Appellant.

Second Department, June 25, 1926.

Mortgages — foreclosure — motion by purchaser for return of deposit
and to be relieved from sale — purchaser refused to complete on ground
that franchise taxes under Tax Law, articles 9 and 9-A, had not been paid
by corporate mortgagor and constituted lien on property — pending
appeal from order then made that purchaser ·complete sale, property
was resold — determination on appeal was that referee should ascertain
amount of taxes and pay them and that closing of title should be
adjourned until taxes were paid — appellate court refused to resettle
order to state that taxes were not liens — appellant purchaser was not
in default in refusing to complete sale.

The appellant purchaser refused to complete the sale made in foreclosure proceed-
ings on the ground that corporate franchise taxes under articles 9 and 9-A of
the Tax Law against the mortgagor corporation had not been paid and con-
stituted a lien on the property. An order was granted denying the purchaser's
motion for the return of his deposit and to be relieved from the sale. On appeal
that order was affirmed, but it was held that the referee should have ascertained
the taxes and paid them and that that duty should be performed and in the
meantime the closing of the title should be adjourned. Resettlement of the
order of affirmance to show that the taxes were not liens on the property was
denied and the action of the Appellate Division in that respect was affirmed.
Pending the appeal to the Appellate Division the premises were resold and a
deficiency resulted.

The purchaser had the right to refuse to accept title until the taxes were paid,
since they constituted a lien on the property in an unknown amount and he
was not, therefore, in default, and the referee having since sold the property has
placed it beyond his power to deliver the property to the purchaser and, therefore,
the purchaser will be relieved from his obligation and the referee directed to
return the amount of the deposit.

APPEAL by Samuel Michael, purchaser, from two orders of the
Supreme Court, made at the Kings Special Term and entered in
the office of the clerk of the county of Kings on the 25th day of
May, 1926, one granting plaintiffs' motion for an order confirming
the report of the referee, fixing the deficiency on a resale, and
directing payment thereof by purchaser, and the other denying
·purchaser's motion for a return of a deposit paid to the referee
on the sale, in an action for the foreclosure of a mortgage.

*Samuel J. Levinson* [*Irving Levinson* with him on the brief], for
the appellant.

*Max Ehrlich,* for the respondents.

RICH, J.   The action was brought for the foreclosure of a third mortgage of $22,000, made by the defendant Bertha Development Co., Inc., covering premises known as Nos. 2901–2905 Surf avenue, Coney Island, Brooklyn, N. Y.   It proceeded to judgment on March 26, 1925, and the sale was directed to be had under the direction of a referee.   The premises were struck down to the purchaser, appellant, Michael at the Brooklyn Real Estate Exchange on April 21, 1925, for the sum of $32,000 over and above prior mortgages covering the property, aggregating $131,750.   Purchaser, appellant, paid the referee at the time of the sale a deposit of $3,500, and executed the terms of sale, in and by which he agreed to pay the balance of the purchase price and accept the referee's deed on May 21, 1925.   The terms of sale contained the usual provision that in case the purchaser failed to comply with the conditions of sale, the premises would be again put up for sale and the purchaser held liable for any deficiency on the resale.

The purchaser, appellant, on May 21, 1925, failed and refused, it is claimed, to comply with the terms of sale and to make payment of the balance of the purchase price.   The ground upon which he rejected the title offered by the referee was that the premises in question were owned during the years 1923, 1924 and 1925 by the defendant Bertha Development Co., Inc., a domestic corporation, which had failed to file corporate franchise tax returns under articles 9 and 9-A of the Tax Law, as amended, and by reason of such delinquency, no franchise tax had been imposed or assessed, and that, under the circumstances, the State of New York had a paramount lien in an indefinite amount, which might be as small as ten dollars or run into thousands of dollars, all of which rendered the title offered by the referee unmarketable.   The referee thereupon moved to compel the purchaser, appellant, to complete his purchase, and in default thereof, that he be held liable for any deficiency and expenses on a resale, while the purchaser, appellant, also moved to be relieved of his purchase and for the return of his deposit. The referee's motion was granted and the purchaser, appellant's motion denied.   He appealed to this court from the orders entered thereon, and its decision upon those appeals is as follows (214 App. Div. 822, 823): " Order denying purchaser's motion to be relieved from his purchase and order directing purchaser to complete, affirmed, without costs.   It was the duty of the referee under the terms of the judgment to have at once proceeded for a fixation and determination of the amount of the State franchise taxes and to pay the same, after they were so ascertained.   That duty should now be performed.   In the meantime the closing of

16

the title should be adjourned until the taxes are so fixed, ascertained and paid. If the amount of the purchase money is insufficient to pay these taxes, then the purchaser shall be entitled to be relieved from his purchase. The other questions raised by the appellant have been examined and found to be without merit."

The decision of this court was handed down July 9, 1925. In the meantime, and on June 30, 1925, the referee had resold the premises, upon the theory that the purchaser, appellant, was in default, and they had been struck down to the plaintiff for $28,700 over and above the prior mortgages, a sum $3,300 less than had been realized upon the sale to appellant. The *referee* thereafter moved this court for an order resettling the order of affirmance entered upon the decision of July 9, 1925, upon the theory that it had erred in holding that the franchise taxes in question were liens which it was the duty of the referee to have ascertained and paid, and that the order should be resettled so as to provide that the said taxes were not liens at the time of the sale on April 21, 1925, or on May 21, 1925, the day fixed for the delivery of the deed. This motion was denied. (215 App. Div. 686.) Appeals were thereafter taken to the Court of Appeals, which on January 22, 1926, affirmed the order of this court. (242 N. Y. 503.)

The referee on March 8, 1926, filed his report showing a deficiency on the resale of $10,592.79, and moved for confirmation thereof. A supplemental report was filed, however, which reduced the alleged deficiency to $3,749.93, and the motion was thereafter denied because of the referee's apparent misapprehension of his duties in the premises, with leave, however, to a party interested in the event to move for its confirmation. Plaintiffs thereafter moved for the confirmation of the report, and for an order directing the purchaser, appellant, to pay the deficiency, while the purchaser, appellant, at the same time moved for an order directing the repayment of his deposit. The learned Special Term has granted plaintiffs' motion, and denied that of the purchaser, appellant, and this appeal is from the orders entered thereon.

The only question involved is whether the purchaser, appellant, was in default on May 21, 1925, and if not, whether the resale by the referee on June 30, 1925, operates to relieve the purchaser, appellant, of his purchase, and entitles him to the return of his deposit. The purchaser, appellant, was not in default on May 21, 1925, this court has so decided, and its decision has been affirmed by the Court of Appeals.

The purchaser, appellant, was not in default on May 21, 1925, and the referee having since sold the property, it is beyond his power to deliver title to the purchaser, appellant. It follows

that the orders appealed from present an injustice, and must be reversed.

The order confirming the referee's report, and directing the payment by the purchaser, appellant, of the deficiency on the resale should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to confirm denied, with ten dollars costs; and the order denying purchaser, appellant's motion for the return of his deposit should be reversed, with ten dollars costs and disbursements, and the motion granted.

KELLY, P. J., MANNING, KAPPER and LAZANSKY, JJ., concur.

Order confirming referee's report, and directing payment of deficiency on resale, reversed on the law and the facts, with ten dollars costs and disbursements, and motion to confirm denied, with ten dollars costs. Order denying purchaser, appellant's motion for return of his deposit money reversed, with ten dollars costs and disbursements, and motion granted.