William Davidson, Appellant, v. Morse Dry Dock and Repair Company, Respondent.— Order granting motion to set aside verdict unanimously affirmed, with costs. While we are of opinion that the trial justice erred in holding that plaintiff was negligent as matter of law, we nevertheless affirm the order, which is made upon all the grounds stated in section 549 of the Civil Practice Act, as a proper exercise of discretion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ.

Emma L. Dunnet, Appellant, v. Catharine J. Davis, Respondent.— Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Findings contradictory of findings essential to sustain the judgment are reversed, and in so far as this makes needful new findings, they will be made accordingly. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ. Settle order on notice.

Maurice Engelhardt, Plaintiff, v. Alvino Realty Co., Inc., Defendant.— Defendant was liable for taxes for the years 1917 and 1918 (*Rodgers v. Bertha Development Co., Inc.*, 217 App. Div. 240; 242 N. Y. 503; *Feldman v. Barshay*, 246 id. 130); but as the submission shows only the total taxes for the entire period from 1905 to 1918, judgment is directed for plaintiff, without costs, for the proportion of the total tax paid for which defendant is liable, together with fifty dollars expended for legal services in procuring the assignment of the taxes, and the question submitted for decision upon agreed facts is to that extent answered in the affirmative. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

Rebecca Erbstein, Respondent, v. Max Erbstein, Appellant.— Judgment modified by reducing the alimony to the sum of thirty-five dollars a week, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Seeger and Carswell, JJ., concur; Rich, J., dissents and votes to affirm.

Edward J. Farrell, Appellant, v. Massapequa Holding Corporation, Respondent, and Another, Defendant.— Upon reargument, order dismissing complaint reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The plaintiff's right to commission accrued at the time of the execution of the contract of sale. While he expressed a willingness to wait for payment until title passed, respondent could not be released from its liability to pay the commissions, and, under the circumstances, plaintiff's agreement to wait for payment until title passed was unenforcible. (*Reis Co. v. Zimmerli*, 224 N. Y. 351, revg. 170 App. Div. 502.) Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.