[No. 12650.   In Bank. — December 6, 1888.]

## CORNELIUS SULLIVAN, RESPONDENT, v. GRASS VALLEY QUARTZ MILLING AND MINING COMPANY, APPELLANT.

CORPORATION — EMPLOYMENT BY SECRETARY — ACTION FOR SERVICES — PLEADING. — In an action against a corporation for services, an allegation that the plaintiff was employed by the defendant, through its secretary, is a sufficient allegation of employment by the corporation, though it is better pleading to omit reference to the secretary.

CONTRACT FOR TUNNELING — JOINT AND SEVERAL RIGHT OF ACTION — PAYMENT. — If a contract of two persons for running a tunnel is joint, payment in full to one of the joint contractors will bar a separate action by the other. But when the work can be done separately, and two persons are running the tunnel at a certain price per foot, if the defendant treats the contract as several, and measures the work of one of the parties, and agrees to pay him when the other finishes the tunnel, the cause of action for such work is separate, and payment to the other party is no bar to a suit thereupon.

ID. — ENTIRE CONTRACT — MODIFICATION — WAIVER. — If a contract to do a specified quantity of tunneling at a certain price per foot gives the laborer a right to quit work when wages can be secured elsewhere, and it is terminated by agreement upon that event, and a promise is made to pay for the work done when the tunnel is completed by another laborer, the contract, if originally entire, is modified, and the obligation of the first laborer to complete the contract is waived, whether the other laborer assents to the release or not.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*Thomas S. Ford*, for Appellant.

*Charles W. Kitts*, for Respondent.

WORKS, J.—The appeal in this case is from a judgment in favor of plaintiff, and comes up on the judgment roll.

The complaint is to recover fifty-six dollars, and to enforce a mechanic's lien therefor. It is alleged that the plaintiff was "employed by the defendant *through* one John Reilly, its secretary," to run fifty feet of tunnel on the defendant's mine, and was to receive therefor three dollars per foot, the defendant to furnish certain tools and materials, the price to be paid, one third as the work progressed, and the remainder at the completion of the work; that work was commenced on said tunnel, and continued until the defendant failed to furnish the material, " and by agreement of all the parties the contract was terminated"; and that the value of the labor has been paid, except the sum of fifty-six dollars.

The complaint also contains the necessary allegations to entitle the plaintiff to a mechanic's lien.

There is a demurrer to the complaint on the grounds, —1. That it does not state facts sufficient to constitute a cause of action; 2. It is ambiguous, unintelligible, and uncertain in that,—(*a*) it does not appear therefrom

that Reilly, the secretary of the defendant, had authority to make the contract sued on; (*b*) it cannot be ascertained from it whether it is sought to recover the value of the services rendered, or a balance due under the contract. The demurrer was overruled.

The defendant, by its answer, denies the making of a separate contract with the plaintiff, and alleges affirmatively that it did enter into a joint contract with the plaintiff and one Lehey, by which said parties agreed to do the work mentioned in the complaint; that the work was done by them under such contract, and paid for in full.

The case was tried by the court.

The court finds in substance: —

1. That the defendant, through its secretary, entered into the contract with plaintiff, as set out in the complaint, and in addition, that it was agreed that if, during the work under the contract, he found work at wages elsewhere, he might terminate the contract.

2. That about the same time the defendant, through another officer, inadvertently let the same work to Lehey on the same terms, except as to the privilege given to terminate the contract.

3. That upon the discovery of the mistake that had been made, defendant arranged with plaintiff and Lehey to work on said contract together, which they did.

4. That they continued work until the tools used by them were stolen, and defendant was by plaintiff requested to replace them, but failed for two days to do so, and in the mean time plaintiff found other work at wages, notified defendant, quit work, and demanded his pay; that defendant measured the work done by plaintiff and Lehey, and found that forty-four feet of tunnel had been constructed, and then and there promised to pay plaintiff for his share of the same, viz., fifty-six dollars (he having previously received ten dollars), the same to be paid when Lehey completed the work.

5. That Lehey completed the work October 14, 1887, and defendant paid him therefor in full, and plaintiff has not been paid or tendered the amount due him by defendant or Lehey.

6. That plaintiff's work was worth fifty-six dollars, that he directed defendant not to pay the same to Lehey, and that plaintiff and Lehey never jointly demanded payment of the amount due on the contract.

There were other findings, but they relate to the mechanic's lien, and need not be noticed, as no question arises on them.

1. It is urged that the court below erred in overruling the demurrer to the complaint. The objection made to the complaint is, that it alleges the making of the contract by the secretary of the defendant, and fails to allege that he had authority to bind the company. The complaint does not allege the making of the contract by the secretary. The allegation is, that the plaintiff was *employed by the defendant* through the secretary. It would, no doubt, have been better pleading to have omitted all reference to the secretary, but as the allegation is directly made that the employment was by the defendant, we regard it as sufficient.

2. The findings of the court are attacked and minutely criticised. The evidence not being before us, we must be guided as to the facts by these findings.

It is contended by the appellant that the findings are inconsistent in many particulars, but that taking them as a whole, they establish a joint contract between the plaintiff and Lehey and the defendant; that the work was paid for in full to one of the joint contractors who had a right to receive it; and that no separate cause of action could accrue to the plaintiff, admitting that a balance of the contract price remained unpaid.

If the findings show a joint contract and payment in full, as claimed, the position taken is undoubtedly correct. But we are clearly of the opinion that the findings

cannot bear such a construction. The original contract was with the plaintiff alone for the whole work. By mistake, the same fifty feet of tunnel work was also let to Lehey. By a subsequent arrangement it was agreed that they should both go on and do the work. The price was so much per foot. The work of each could easily be done separately, and both receive payment for what he actually did. Whether this was the arrangement or not does not clearly appear from the findings, but it does appear that when plaintiff came to quit work, the defendant treated the contract as several, measured it, found what was due him for his share of the work, and agreed to pay him as soon as Lehey finished the work. This, it seems to us, gave the plaintiff a separate cause of action for the amount thus found to be due him. Thereafter the defendant could not shield itself from liability to him by payment to Lehey.

It is contended further that the contract was entire, and as plaintiff did not complete the work, he could not recover, and the agreement to pay him for the work done was without consideration. But the court expressly finds that plaintiff was, by the original contract, given the right to terminate the contract when he could get work elsewhere at wages; that he did find such work; notified the defendant that he terminated the contract; the defendant assented to it, measured his work, and agreed to pay him. He was probably entitled to immediate payment, but the court finds that it was agreed that he should receive his money when Lehey finished the work. If the contract could have been considered as entire before, it was thus modified, and the obligation to complete the contract was waived.

It is further urged that the agreement was not binding, because Lehey was not a party to it. But the findings do not show that Lehey had any interest in the matter, or that his assent was necessary to its validity. The defendant saw fit to contract with the plaintiff,

and if he was originally bound to complete the work, to release him from the obligation, and agree to pay him for what he had done. This must be binding upon it, whether Lehey assented to it or not. The fallacy of the whole argument of counsel for appellant is, that he assumes that the contract sued on was a joint one with the plaintiff and Lehey, while the facts as found by the court show it to be a several contract with the plaintiff alone.

We do not regard the findings as inconsistent or contradictory, as claimed. They are consistent with the cause of action alleged in the complaint, and support the judgment.

The judgment is affirmed.

SHARPSTEIN, J., PATERSON, J., SEARLS, C. J., McFARLAND, J., and THORNTON, J., concurred.