## LARSON v. BURROUGHS.

(Supreme Court, Appellate Division, Second Department.   April 23, 1909.)

BROKERS (§ 75*)—COMPENSATION—COMPLIANCE WITH CONTRACT.

 To entitle a real estate broker to commissions under an agreement to pay the same when the balance of the cash amount was paid and the deed delivered, he must show either that the balance has been paid and the deed delivered, or that nonperformance was the fault of the owner.

 [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 75.*]

Appeal from Municipal Court of New York.

Action by Ole E. Larson against Luemma H. Burroughs.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

A. M. Price, for appellant.

Jacob Friedman, for respondent.

JENKS, J.   The plaintiff has recovered a judgment for broker's commissions as on a sale of real estate.   The evidence shows that the proposed vendor refused to execute the contract for sale unless the broker consented to the incorporation therein of the following provision:

"The vendor agrees that Ole E. Larson is the broker who has brought about this sale, and agrees to pay said broker his commission therefor, namely, 1 per cent. when balance of cash amount to be paid is made and deed actually delivered."

It does not appear either that the balance of the cash amount was ever paid or that any deed was ever delivered; on the contrary, it appears that the proposed vendor forfeited the payment made on account of the contract by the proposed vendee.   Before the plaintiff could recover, he must show either that the contract was carried out as indicated, or that nonperformance was the fault of the defendant.   Seymour v. St. Luke's Hospital, 28 App. Div. 119, 50 N. Y. Supp. 989, and cases cited, appeal dismissed 159 N. Y. 524, 53 N. E. 1132.   This he did not do.

The learned Municipal Court rested its judgment for the plaintiff upon Morgan v. Calvert, 126 App. Div. 327, 110 N. Y. Supp. 855. But the point decided in that case was that the vendor who had agreed to sell his property for a specific sum on a certain day could not interpose, as a defense against the broker suing for commissions which the vendor had agreed to pay at the closing of title, his own wrong (his own defect in title) which prevented the closing thereof.

The judgment is reversed, and a new trial is ordered; costs to abide the event.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes