[Civ. No. 2247.   First Appellate District.—December 27, 1917.]

## CHARLES M. PRINCE, Appellant, v. SELBY SMELTING AND LEAD COMPANY (a Corporation), Respondent.

BROKER'S COMMISSIONS—EXTENSION OF TIME BY VENDOR—EFFECT OF.— Under an agreement made between the vendor and a broker providing for the payment of the latter's commissions when certain payments were made by the purchaser, and that if the purchaser failed to carry out his contract the broker should not be entitled to any commissions beyond the amount due at the time of the purchaser's default, where the purchaser was unable to make the payments at the time specified and the vendor extended the time on condition if the payments were not made within the extended time the contract would terminate, and the payments were never made, the vendor is not liable to the broker for commissions because of the extension of time or because the broker had no notice thereof when the extension was made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Finlay Cook, for Appellant.

Chickering & Gregory, for Respondent.

THE COURT.—This is an action by plaintiff, as a real estate broker, to recover commission alleged to be due him for effecting a sale of real estate belonging to the defendant.

There is no dispute as to the facts, and the proposition of law involved is simple. The following is a brief synopsis of the steps in the transaction: On May 28, 1914, the defendant gave to the plaintiff a letter which in effect provided that if certain options theretofore given to plaintiff by the defendant, and which by their terms expired on June 15, 1914, were accepted, plaintiff should be allowed five per cent commission, of which, should the sum of seven thousand five hundred dollars be received by defendant, on account of a sale of the land made pursuant to said option, on or before June 15, 1914, one thousand five hundred dollars should be paid to plaintiff on account of said commission. On June 8, 1914,

the defendant entered into a contract with A. D. Bowen, a prospective purchaser introduced by the plaintiff, for the purchase of the property involved, which contract departed from the terms of said options and stipulated that the total purchase price should be sixty-three thousand five hundred dollars, payable as follows: June 11, 1914, one thousand dollars; September 1, 1914, five thousand dollars; November 1, 1914, ten thousand dollars; November 1, 1915, $23,750; November 1, 1916, $23,750; and also provided that if the purchaser should fail to make the payments due on or before the first day of September, 1914, or on or before the first day of November, 1914, any payment theretofore made should become the property of the vendor, and all obligations under the agreement should cease and determine. Bowen paid the one thousand dollars, the first amount due, but no further payment was ever made on account of the contract. On June 12, 1914, the defendant wrote to the plaintiff a letter in which, after referring to the options held by plaintiff, and to which the letter of May 28th referred, set forth in detail the terms and dates upon which plaintiff's commission would become payable under the contract with Bowen—this re-arrangement of terms and dates following the particulars in which the contract entered into with Bowen departed from the options upon which the letter of May 28th covering plaintiff's commission had been based—and stated that the first payment of commission would be made when the five thousand dollars due from Bowen on September 1, 1914, was paid, and that plaintiff was to receive the balance of his commission when Bowen made the further payment of ten thousand dollars on November 1, 1914. It also specifically provided that if Bowen failed to carry out his contract concerning the payments due on November 1, 1914, and prior thereto, then the plaintiff should not be entitled to commission beyond the amount that might have been due at the time of Bowen's default. The terms of this letter as a modification of his original agreement as to commission were accepted by the plaintiff in writing.

It thus appears that the obligations assumed by defendant to plaintiff by its letter of May 28th were by consent of both parties concerned superseded by the obligations created by the new agreement.

On September 1, 1914, the date upon which there became due from Bowen to the defendant the sum of five thousand dollars, an extension of thirty days was granted to Bowen to make this payment upon his representation that he was unable to make it upon its due date. On November 1, 1914, the five thousand dollars still remaining unpaid Bowen informed the defendant that he was unable to make either that payment or the one of ten thousand dollars then also due, whereupon an extension of time until January 1, 1915, was granted, upon the condition, however, that if these sums were not paid at that time, Bowen's contract would finally lapse.

As before stated, the payments were never made; so it appears clear that under the plain terms of the letter of June 12, 1914, the rights of the plaintiff terminated by the final default of Bowen. We see no merit in plaintiff's contention that the defendant, by granting to Bowen an extension of time in which to make his payments, became immediately liable to the plaintiff for his entire commission. It will be recalled that under this commission agreement the plaintiff was not entitled to anything unless Bowen paid five thousand dollars on September 1st. Therefore on that date, since Bowen had not made the payment, the defendant had a perfect right to terminate the contract, and by the express terms of the commission agreement the plaintiff would thereby have lost his rights to any commission; but, since the defendant did not elect to then declare the contract forfeited, but, on the contrary, gave Bowen some extensions of time, it is claimed that thereby the plaintiff acquired some rights superior to those which he would have enjoyed if the extensions had not been granted. Stress is here laid upon the point that the plaintiff was not informed of these extensions, at least at the time they were granted; but this is immaterial. The defendant could have declared Bowen's contract forfeited on September 1st, and there was no necessity on its part of notifying the plaintiff of that fact. Of course, if Bowen had paid his money during the time as so extended, then the plaintiff would have been entitled to his commission. In other words, this act of extension, so far from being in contravention of any of the rights of the plaintiff, was distinctly for his benefit. Before a party can complain of any modification to his agreement he must show some prejudice.

The case of *Seymour* v. *St. Luke's Hospital*, 28 App. Div. 125, [50 N. Y. Supp. 993], is referred to by plaintiff's counsel in his brief.   On the particular points now under discussion that case is against him, because it was there held that the fact that the owner extended the time of the purchaser in which a payment must be made did not give the broker any additional rights, for it is only a change in the contract which puts it out of the power of the owner to convey that would cause injury to the broker.   The court said: "The extension of time, while it was a modification of the contract, was one which caused no injury to the plaintiff, but rather tended to benefit him, because the indulgence of Samuel rendered it more likely that he would have been able to carry the entire contract into effect; and when after the modification he failed to make any effort to perform the contract as modified, his position with regard to it was exactly the same as it would have been had he failed to perform the whole contract, and entitle himself to a delivery of the deeds on the 2d of January, 1895.   In each case the contract was at an end if the defendant chose to consider it so.   The plaintiff surely can have no greater right to insist that the defendant violated its contract with Samuel to his hurt because he forfeited the contract for failure to perform a part of it on the 2d of January, 1895, than he would have done had he failed to perform the whole of it. . . . The only thing that it [the vendor] bound itself to do by its contract with Seymour was not to do any act which would put it out of its power to carry a contract into effect when Samuel should offer to perform it, and, if it continued able and ready to perform so long as Samuel desired the performance to be had or was willing to perform on his part, it did all that Seymour could require. The modification of the contract, therefore, did not affect the rights of the parties."

The Seymour case was affirmed without opinion, and is reported in 159 N. Y. 524, [53 N. E. 1132].   It was cited with approval in *Larson* v. *Burroughs*, 131 App. Div. 877, [116 N. Y. Supp. 358], in which the court said: "Before the plaintiff could recover, he must show either that the contract was carried out as indicated, or that nonperformance was the fault of the defendant."

The judgment is affirmed.