[Civ. No. 2942. First Appellate District, Division One.—December 12, 1919.]

FREDERICK W. McNULTY, Administrator, etc., Respondent, v. NEW RICHMOND LAND COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE—AGREEMENT TO REPAY MONEYS—ACTION TO RECOVER—PERFORMANCE OF CONDITIONS PRECEDENT—PLEADING.— Where a contract for the purchase of real property provides that in the event of the death of the buyer "the seller will, upon request, on surrender and cancellation of this agreement, provided that all installments and interest have been paid as herein provided, pay to the legal representative of the buyer an amount equal to the sum of all payments made by the buyer under this agreement," in an action by the personal representative of the purchaser, following the latter's death, to recover the amount paid, due performance of all conditions precedent in the contract must be averred in the complaint, either specifically or by authorized general averment, or a waiver thereof alleged.

[2] ID.—ALLEGATION THAT CONTRACT WAS IN FULL FORCE AND EFFECT —EFFECT OF.—An averment in the complaint in such action that at the time of the purchaser's death the contract "was in full force and effect" is but the statement of a conclusion of law.

[3] ID.—PLEADING AND PROOF—BURDEN ON PLAINTIFF.—In such action, not only is it incumbent upon the plaintiff to allege either a performance of the contract by the decedent or a valid excuse for nonperformance, but he also has the burden of proving one or the other.

[4] ID. — TIME AS ESSENCE OF CONTRACT — ACCEPTANCE OF OVERDUE PAYMENTS.—Where time is made of the essence of a contract of

purchase, the simple act of receiving a payment after the date when the payee was bound to accept it, without more, is no excuse for laches as to future payments.

APPEAL from a judgment of the Superior Court of Contra Costa County.  R. H. Latimer, Judge.  Reversed.

The facts are stated in the opinion of the court.

Faulkner & Faulkner for Appellant.

Frederick W. McNulty, *in pro per.*, for Respondent.

WASTE, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for the return of money paid under the terms of a contract for the purchase and sale of real property.

Adam Van Prooyen, a resident of Oregon, on the twenty-fifth day of November, 1912, entered into a contract with the New Richmond Land Company, the defendant, wherein he agreed to purchase, and the defendant to sell, two lots of land in the city of Richmond.  The purchase price of the property, specified in the contract, was nine hundred dollars, the sum of fifty dollars to be paid on execution and delivery of the contract, the residue to be paid in monthly installments of ten dollars per month, commencing on December 25, 1912, with interest after two years.  The buyer further agreed to pay all taxes and assessments levied on the property, and to discharge all liens accruing thereon.  Failing to do so, the seller might pay and satisfy the same, the buyer to repay all such amounts, with interest, on demand.

After paying the initial amount, Van Prooyen, at various times, made eleven payments, aggregating three hundred dollars, on account of the principal of the contract, and two payments of interest.  He was behind in his payments after the first five months.  He made a last payment of ten dollars on the agreement on January 19, 1916, which left him seventy dollars in arrears, on account of principal, besides some interest.  He died April 14th, following.

The contract provides: "In the event of the death of the buyer, this agreement, if then in force and unassigned, may, at the election of the legal representatives of the buyer, be continued in force and further payments made as herein

provided, or the seller will, upon request, on surrender and cancellation of this agreement, provided that all installments and interest have been paid as herein provided, pay to the legal representative of the buyer an amount equal to the sum of all payments made by the buyer under this agreement, with interest thereon from the date of such payments at the rate of six per cent per annum."

It is also expressly stipulated in the contract that time is, and shall be, of the essence of the agreement, and that the "due performance of all covenants and agreements on the part of the buyer is a condition precedent, whereon depends performance of the agreements on the part of the seller."

No personal representative of the deceased was appointed in California until plaintiff qualified as administrator on August 3, 1916. Between the time of the death of Van Prooyen and the appointment of plaintiff defendant was in communication with a firm of attorneys, purporting to represent the heirs of Van Prooyen and the administratrix of his estate, appointed in Oregon. The purport of this correspondence was that the father and mother of Van Prooyen and his only heirs desired to make a new agreement with the defendant, by which they might pay the balance due on the original contract, and secure a deed to the property without the necessity of subjecting it to probate. Defendant agreed to this, and sent the attorneys a statement of the account with the decedent as the basis of such new agreement. Pending the outcome of these negotiations, the heirs in Oregon sent to the plaintiff, before he was appointed administrator, and he paid to the defendant, three sums, aggregating $135. Fifteen dollars of this amount was credited on account of interest on the contract, and the balance on the purchase price of the lots, which brought the installments down to date.

The correspondence between the heirs of the decedent and the defendant resulted in no further agreement. A request of defendant for a quick decision in the matter was answered by a demand by plaintiff, as administrator of the estate of Van Prooyen, for the return of all moneys paid under the contract, both by the decedent and by his heirs after his death.

The third amended complaint sets forth the contract in full, the dates and amounts of all the payments thereon,

including those made by the heirs, and contains the further allegation "that said contract was unassigned and in full force and effect at the time of the death of said decedent Adam Van Prooyen." Then follow allegations of the election of plaintiff, as personal representative of the deceased, to receive back from defendant the total amounts paid on the contract by all parties, the demand therefor, and the refusal by defendant. There is no general allegation of due performance on the part of the decedent or by plaintiff.

[1] Defendant's general demurrer to the complaint should have been sustained. The error thus committed is not one that can be cured by the action having proceeded to judgment, for in this instance it is not a question of sufficient facts insufficiently pleaded, but an entire absence of facts upon which to rest either a cause of action or a judgment. "Due performance" on the part of the buyer, Van Prooyen, was a condition precedent, whereon depended the carrying out of the agreement by defendant. Performance of conditions precedent in a contract must be averred in the complaint, either specifically or by authorized general averment, or a waiver thereof alleged. (21 R. C. L. 462; *Krotzer* v. *Clark*, 178 Cal. 736, [174 Pac. 657], and cases cited.) In the instant case it clearly appears from the contract and the indorsements as to amounts and times of payment made thereon, as set forth in the third amended complaint, that at the time of the decedent's death he was many months in default by reason of his nonpayment according to the terms of his contract, some nine or ten installments, besides interest, being past due. No express waiver by defendant of the strict performance of the terms of the contract in the matter of payment is alleged, and no facts are made to appear from which such action may be inferred. Again, there is no allegation in the complaint that the decedent, or the plaintiff, as his legal representative, paid, or caused to be paid, the taxes levied and assessed against the property covered by the contract, or to the effect that if defendant had paid the same, they had been repaid.

[2] The averment of the complaint that at the time of Van Prooyen's death the contract "was in full force and effect" is but the statement of a conclusion of law. Even if it

were not, it would not save the complaint, for in addition thereto, plaintiff has set out what was actually done, and such facts fall short of due performance. (13 Corpus Juris, par. 850, pp. 727, 728.)

[3] Not only was it incumbent upon plaintiff to allege either a performance of the contract by decedent or a valid excuse for nonperformance, but he had also the burden of proving one or the other. (*Krotzer* v. *Clark, supra; Estate of Warner,* 158 Cal. 441, 445, [111 Pac. 352].) He has not done so. As proof of performance he introduced in evidence the contract, with its indorsements of the payments made thereon, and the receipts for the payments made by the heirs after Van Prooyen's death. For the reason we have already discussed, this was not sufficient. In the matter of a waiver of performance, he places unwarranted reliance upon the fact that the defendant received payments from the decedent, Van Prooyen, after they were due, and did not take steps at any time to terminate the contract. None of the cases relied upon to support respondent's view of the law in this regard go so far as to hold that the acceptance of one payment, after its maturity, will waive the right to declare a forfeiture if default occurs in subsequent installments. [4] Where time is of the essence of the contract, the simple act of receiving a payment after the date when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and as to those following, the provisions of the contract are left to operate with unimpaired force. (*Boone* v. *Templeman,* 158 Cal. 290, 296, [139 Am. St. Rep. 126, 110 Pac. 947]; *Bishop* v. *Barndt,* 43 Cal. App. 149, [184 Pac. 901].) It was, therefore, within the power of defendant, under the facts as they existed at the time of the death of Van Prooyen, to stand upon the contract, remain inactive, and retain to its own use the moneys paid by the decedent. (*Glock* v. *Howard etc. Co.,* 123 Cal. 1, 10, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].) In order to avoid the consequences of the situation thus presented, respondent argues that, by accepting the three payments made by the heirs after Van Prooyen's death, defendant reinstated the contract for all purposes, including the right of election by Van Prooyen's personal

representative, to recover back "an amount equal to the sum of all payments made by the buyer." We do not agree with this contention.

The right of election was fixed by the status of the contract at Van Prooyen's death. He, being grossly in default, and no excuse for nonperformance being shown, that privilege was denied his personal representative. No authority has been advanced in support of the theory that the personal representative could, under such a state of facts, by making subsequent payments, reinstate the contract, and by relation back to the time of the death of the decedent, elect to recover, not only all that the decedent had paid in his lifetime, but also the amounts paid after his death. We do not think any of the cases would so hold. We are of the opinion that the most that can be claimed for the subsequent payments is that, even if considered as made by the duly authorized personal representative of the decedent, they can only be regarded as having been made as further payments, under an election to consider the agreement continued in force. They were not so made, and no greater effect can be accorded to them, as voluntary payments, made by the heirs of decedent, and to that extent interested in, but in no sense parties to, the contract.

To hold otherwise would, in effect, be countenancing a fraud upon the defendant. The contract between Van Prooyen and the defendant was dead, if the latter elected to so regard it. (*Glock* v. *Howard, supra.*) The Oregon heirs asked defendant for "a new agreement . . . allowing them to pay the balance on the contract and get the deed to avoid sending it through probate." Defendant agreed to this, apparently under the erroneous assumption that the administrator appointed in Oregon, and the father and mother of the deceased, his only heirs, were the "personal representatives" authorized to make an election, to regard the contract in force and to continue the payments. The record makes it clear that the post-mortem payments were received and accepted by it under this view, and it must follow, it reinstated the contract for that purpose only.

The defendant, by way of a "second defense," contained in its answer, attempted to set up some of the matters which we have alluded to and which appear from the evidence.

Though improperly pleaded in some respects, the allegations raised issues which the trial court should have found upon. The judgment is reversed.

Richards, J., and Kerrigan, J., concurred.