[Civ. No. 180.   Fourth Appellate District.—December 5, 1930.]

L. REED MITCHELL, Appellant, v. A. M. GREEN et al.,
Respondents.

Coleman E. Stewart for Appellant.

Griffith & Thornburgh and Sarau & Thompson for Respondents.

MARKS, J.—This is an appeal from a judgment entered in the court below, following an order sustaining respondents' general demurrers to appellant's third amended complaint without leave to amend.

The following facts are alleged in the third amended complaint. Appellant at all times material to this action was a real estate broker duly licensed under the laws of the state of California. Respondents were the owners of approximately ninety-eight acres of land in Riverside County, together with personal property, water rights and water stock. Thomas De Vries was the owner of about eight acres of land in Santa Barbara County.

On November 16, 1921, respondent Green gave appellant the following instrument:

"Nov. 16th

"My dear Mrs. Mitchell—

"You are herewith authorized to sell my property situated in Riverside, consisting of approximately ninety-eight acres (55+acres oranges; 5+acres apricots and peaches, balance hay land but majority susceptible to planting to trees), including all water stock (Gage Canal), farm implements, tractor, tools, etc. for the sum of $110,000; for which services in the event of sale I will pay you fifteen per cent commission on above amount.

"Yours truly,
"A. M. GREEN."

On October 21st, Green had given to appellant another listing of the same property in which he guaranteed that there was an orange crop maturing upon it that would bring a minimum price of $25,000.

Immediately after November 16, 1921, appellant procured and introduced Thomas De Vries to Green as a purchaser ready, willing and able to purchase the Riverside properties of respondents. The negotiations culminated in a contract bearing date the eighth day of December, 1921, whereby respondents agreed to exchange their Riverside properties for the Santa Barbara property of De Vries. For the purpose of the exchange respondents' property was given a value of $110,000, and De Vries' property of $47,500. The difference in values was to be paid to respondents as follows: By the assumption by De Vries of a $25,000 encumbrance upon the Riverside property and the payment of $37,500 to be made by De Vries and wife to respondents evidenced by three promissory notes secured by deed of trust. The first note was in the principal sum of $12,500 payable on or before July 1, 1923; the second for $15,000 payable on or before July 1, 1924, and the third for $10,000 payable on or before July 1, 1925. All the notes bore interest at the rate of seven per cent per annum and payable semi-annually. The agreement recited that the Santa Barbara property was encumbered by a mortgage securing a promissory note in the sum of $12,000 which De Vries agreed to pay on or before January 1, 1922. Title to the Santa Barbara property was to be free and clear of encumbrances except the second installment of taxes for the fiscal year 1921–1922, and rights of way, easements, reservations and building restrictions of record and a lease of the residence on the property which was to be assigned to respondents. It appears from this contract that the exchange was to be completed by January 1, 1922.

It was further alleged that in consideration of the execution of the exchange agreement, appellant agreed to accept payment of her commission in the sum of $16,500 from the payments made by De Vries on his promissory notes and that she should be paid in full when forty per cent of the sum of $37,500 had been paid by De Vries to respondents.

It was further alleged that De Vries was unable to pay

the $12,000 encumbrance on the Santa Barbara property and that on the sixth day of January, 1922, respondents and De Vries entered into a further exchange agreement modifying the prior contract by relieving him from the payment of this obligation and by De Vries and his wife executing to respondents their promissory note in the principal sum of $12,000 payable ninety days after its date and secured by a crop mortgage on the oranges growing upon the Riverside property. The exchange of properties was then consummated and the various conveyances, notes, mortgages and deeds of trust executed.

It was further alleged that on November 25, 1922, De Vries commenced an action in the superior court against respondents whereby he sought "to rescind and set aside said agreement of exchange upon the ground of fraud, and to recover damages for such fraud". It was further alleged that on the twenty-seventh day of March, 1924, De Vries and respondents compromised and settled their differences. The terms of the compromise are set forth in a written contract from which it appears that De Vries conveyed all of the Riverside property to respondents and quitclaimed the Santa Barbara property to them. Respondents paid to an escrow-holder the sum of $2,500 for the purpose of relieving the Riverside property from certain liens and encumbrances which had been permitted to accrue during De Vries' ownership, any balance remaining to be paid to him. The fraud action was dismissed.

There is no allegation that De Vries ever paid respondents or either of them anything on any of the promissory notes. It is admitted by appellant that no part of the principal or interest on the three promissory notes in the total sum of $37,500, out of which she had agreed to accept her commission, had ever been paid.

Appellant relies upon the case of *Carl* v. *Eade*, 81 Cal. App. 356 [253 Pac. 750], for a reversal of the judgment. This case announces the familiar doctrine that one who voluntarily prevents the performance of an act upon which an obligation on his part depends cannot set up nonperformance of this act as a defense in a suit against him. We believe, however, that the facts of the instant case bring it within the rule laid down in the cases of *Lindley* v. *Fay*, 119 Cal. 239 [51 Pac. 333], and *Dunne* v. *Colomb*, 192 Cal.

740 [221 Pac. 912, 913]. In the Lindley case it was held as follows:

"Ignoring the question as to the pleading, however, the evidence shows no right of action in the plaintiff. It tends to show an agreement to pay commission out of the first money received, and no money has ever been received. Under such a contract, the broker is not entitled to compensation when he finds a purchaser ready, willing, and able to purchase on the prescribed terms. There must be a sale and a first payment to entitle him to recover. It is so nominated in the bond."

In the Dunne case it was said:

"To render such cancellation an act of prevention entailing the consequence claimed by respondent it must be without legal justification. Where the vendee is in default there is no longer any legal obligation on the vendor to proceed with the performance of the contract. The law gives him the right to regard the contract as at an end. The law prescribes no penalty for the exercise of this right. The default of the vendee, with the consequent destruction of the right of the broker to his commission, was a contingency inherent in the contract, the risk of the occurrence of which was assumed by the broker. . . .

"In the case at bar the duty of the vendors to carry out the terms of their contract in good faith was at an end upon the default of the vendee. They were under no obligation to sue upon the contract in an attempt to recover the purchase price, although such action, if successful, would have inured to the benefit of the broker. (*Prince* v. *Selby etc. Co.*, 35 Cal. App. 684, 687 [170 Pac. 1075]; *Seymour* v. *St. Luke's Hospital*, 28 App. Div. 119 [50 N. Y. Supp. 989]; *McPhail* v. *Buell*, 87 Cal. 115 [25 Pac. 266].)"

In the instant case De Vries was in default in the execution of the terms of his contract almost from the moment of its execution. He was unable to pay the encumbrances upon his Santa Barbara property. Respondents waived this obligation and extended his time to pay the indebtedness ninety days. Whether it was ever paid does not appear. De Vries did not pay any portion of the $37,500 on the purchase price of the Riverside property. On March 27, 1924, he was in default in his payments in

the sum of $27,500 and the law gave the right to respondents to regard the contract as ended with no penalty attaching to them for their exercise of this right. With the default of De Vries and his failure to pay, the right of the agent to receive her commission failed. The parties are bound by their contract. If the appellant expected to demand her commission from respondents without regard to any payments made by De Vries, she should not have made its payment conditioned and contingent upon De Vries fulfilling the obligations of his contract. (*Cannon* v. *Selmser,* 85 Cal. App. 783 [260 Pac. 332].)

Appellant agreed that she was to be paid from a certain fund and it was incumbent upon her to allege the existence of this fund or a valid reason for its nonexistence. (*Edwards* v. *Baker,* 39 Cal. App. 755 [180 Pac. 33] ; *Lindley* v. *Fay, supra.*) As was said in the case of *Vatcher* v. *Grier,* 50 Cal. App. 41 [195 Pac. 75, 76] :

''But, as we have seen, payment was postponed by the terms of the agreement until the happening of some future event, i. e., the payment of installments of the purchase price, and therefore, it must be made to appear affirmatively that such event has occurred as a condition precedent to plaintiff's right to recover. (*Van Buskirk* v. *Kuhns,* 164 Cal. 472 [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587].) There is here no averment that any of the installments of the trust deed note were ever paid, and it is not shown by the pleading that the fund from which plaintiff's claim should be satisfied at any time materialized; hence, no sufficient cause of action is alleged in the complaint.''

The payment of forty per cent of $37,500 by De Vries to respondents was made a condition precedent to appellant's right to demand and receive her commission. The performance of a condition precedent upon which a recovery depends must be alleged. (*McNulty* v. *New Richmond Land Co.,* 44 Cal. App. 744 [187 Pac. 97].) As appellant failed to allege the existence of the fund out of which she was to be paid, or any lawful reason for its nonexistence, her complaint failed to state a cause of action.

Judgment affirmed.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 2, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1931.