[Civ. No. 4978. Third Appellate District.—December 27, 1933.]

A. J. EDDY, Respondent, v. LOUIS M. HICKMAN (a Corporation), Appellant.

James F. Peck for Appellant.

L. J. Maddux for Respondent.

JAMISON, J., *pro tem.* — Plaintiff brought this action for commissions as real estate agent, for his services in selling three tracts of land owned by defendant. He recovered judgment for his commissions, and from this judgment defendant has appealed. It is alleged in

the complaint that on September 10, 1926, three separate contracts were entered into between appellant, by and through its secretary, and the Westfall Land Company for the sale of three separate tracts owned by appellant. That each of these contracts stated that certain lands therein described had been sold to a purchaser for a sum therein named, and that for its services in selling same the Westfall Land Company was to be paid a commission of five per cent of the amount of the sales, and each of said contracts further provided that the payment of said commissions to the Westfall Land Company should be made in the following manner:

By the terms of the contracts entered into with the said purchasers, the purchasers agreed to procure loans as soon as the improvement terms of the said purchasers' contracts were complied with, and the moneys received from said loans were to be paid to appellant, and when so received by it then payment of the said commissions would be made, and in the event that the purchase price of any of said contracts should be made from crop shares, then appellant would pay to Westfall Land Company five per cent of the money received from such crop shares until Westfall Land Company received the full amount of its commissions. These contracts were duly assigned by the Westfall Land Company to respondent.

Appellant contends that the complaint does not state facts sufficient to constitute a cause of action. At the beginning of the trial of this action he objected to the plaintiff producing evidence upon this ground, and later during the course of the trial he made the same objection. To this objection the trial court said: "I am afraid it does not, I have some grave doubts whether the complaint states a cause of action in any of these cases because the contract provides the money that is to be paid was to come out of a certain fund and if there was money in that fund I think it should be so alleged so that the money if due at all would be due under the terms of the contract. If there were no moneys then there is nothing coming from the source provided by the contract. The ruling will be reserved, I think I shall hear the testimony." Thereafter the court failed to pass upon this objection; presumptively, as the court's decision was in favor of respondent, this objection was overruled.

There is no averment in the complaint that the funds from which respondent's commissions were to be paid at any time materialized, and therefore no sufficient cause of action is alleged in the complaint. (*Mitchell* v. *Green,* 110 Cal. App. 259 [293 Pac. 879]; *Van Buskirk* v. *Kuhns,* 164 Cal. 472 [129 Pac. 587, Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710].)

The performance of a condition precedent upon which the recovery depends must be alleged. (*McNulty* v. *New Richmond Land Co.,* 44 Cal. App. 744 [187 Pac. 97].)

Therefore, respondent having failed to allege the existence of the fund out of which he was to be paid, or a lawful reason for its nonexistence, he failed to state a cause of action. (*Mitchell* v. *Green, supra.*)

As this action must be reversed because the complaint fails to state sufficient facts to constitute a cause of action, we deem it unnecessary to pass upon other points raised by appellant.

The judgment is reversed.

Plummer, J., and Pullen, P. J., concurred.