121 Cal.App.2d Supp. 851 (1953)
MARIAN FRANCES KLINE, Respondent,
v.
CLIFFORD E. JOHNSON et al., Appellants.
California Court of Appeals. 
Oct. 22, 1953.
 Renwick Thompson and Eugene A. Horton for Appellants.
 Ward & Ward and M. Luther Ward, Jr., for Respondent.
 BURCH, J.
 Plaintiff Marian Frances Kline brings this action against defendants, Clifford E. Johnson and Ethel M. Johnson, for a real estate commission. Judgment was entered for plaintiff by the court below and defendants appeal.
 [1a] The court found that on September 2, 1952, defendant Mrs. Johnson entered into an open listing agreement with plaintiff for the sale of Lots 11 and 12 in Block 4 of West Teralta Addition in the City of San Diego, State of California; that on September 6, 1952, plaintiff produced as purchasers of said real property Reagan Ratliff and Ethel V. Ratliff, who were then and there ready, willing and able to purchase for the consideration of $16,000 the real property described in the listing agreement; that the Ratliffs executed an offer to purchase said real property on September 6th; that the defendants accepted said offer on the same date; that on September 8th the purchasers refused to complete the purchase; that said sale has not been consummated and said purchasers have not paid any sums upon said purchase price nor opened any escrow in connection with said purchase.
 Though the court also found that in "... said listing agreement defendant (Mrs. Johnson) agreed to pay plaintiff a commission of five per cent (5%) of the sale price obtained in consideration of her services as agent," this term was limited by a substituted agreement, as will appear. It is undisputed and set forth in the settled statements as follows:
 Plaintiff produced a standard "Offer to Purchase Real Estate and Receipt for Deposit" form, completed the form in plaintiff's own handwriting, and secured the signatures of the Ratliffs upon said document. Plaintiff then signed the document as agent opposite the printed words, as follows:
 "Receipt of above mentioned deposit is herewith acknowledged."
 Then plaintiff secured the signatures of both defendants upon said document under the following words:
 "I agree to pay above named agent 5% as commission, or one-half of the above mentioned deposit in case same is forfeited by purchaser, provided that one-half of such deposit does not exceed the full amount of the commission."
 Plaintiff did not ask for or receive any deposit money from Mr. and Mrs. Ratliff, the prospective purchasers. When [121 Cal.App.2d Supp. 853] defendants signed (Offer to Purchase) they knew that no deposit money had been asked for or received. The provision of the contract relating to one-half of the down payment is put in issue by the answer.
 We see no escape from its controlling effect in the present case.
 Under the circumstances here present and understood by the parties, there was written into the contract which superseded the listing a condition--upon the happening of a forfeiture plaintiff's commission was to be limited to one-half of the down payment but not to exceed 5 per cent of the sale price. At the time of the contract all parties expected there would be payments on the purchase price, out of which plaintiff's compensation was to be paid. None were in fact made. The plaintiff and defendants made this provision to cover compensation in the event of a forfeiture. By the substituted contract plaintiff assumed the risk of forfeiture. Whatever right plaintiff may have had otherwise to a 5 per cent commission, the vendors made this provision an element of the consideration for their promise to accept the prospective purchasers as ready, willing and able to buy.
 "In all executory contracts the several obligations of the parties constitute to each, reciprocally, the consideration of the contract. ..." (Richter v. Union Land & Stock Co., 129 Cal. 367, 372 [62 P. 39].) See, also, Bray v. Lowery, 163 Cal. 256, 260 [124 P. 1004]; Mulborn v. Montezuma Improvement Co., 69 Cal.App. 621, 628 [232 P. 162]; Bliss v. California Cooperative Producers, 30 Cal.2d 240 [181 P.2d 369, 170 A.L.R. 1009].
 This provision of the contract may not be disregarded. A similar situation arose in Mitchell v. Green, 110 Cal.App. 259 [293 P. 879]. Plaintiff broker there had a listing for the sale of defendant's ranch for $110,000, upon which a commission of 15 per cent was to be paid. Plaintiff procured a purchaser who entered into a purchase and sale contract by which the broker agreed to accept her commission from funds which were to be received on the purchase price. Such funds were not paid. The court said (p. 264):
 "With the default of DeVries and his failure to pay, the right of the agent to receive her commission failed. The parties are bound by their contract. If the appellant expected to demand her commission from respondents without regard to any payments made by DeVries, she should not have made its payment conditioned and contingent upon DeVries fulfilling [121 Cal.App.2d Supp. 854] the obligations of his contract. (Cannon v. Selmser, 85 Cal.App. 783 [260 P. 332]) ... it was incumbent upon her (broker) to allege the existence of this fund or a valid reason for its nonexistence. (Edwards v. Baker, 39 Cal.App. 755 [180 P. 33]; Lindley v. Fay, 119 Cal. 239 [51 P. 333].)"
 See, also, Lindley v. Fay, supra, from which we quote:
 "Ignoring the question as to the pleading, however, the evidence shows no right of action in the plaintiff. It tends to show an agreement to pay commissions out of the first money received, and no money has ever been received. Under such a contract, the broker is not entitled to compensation when he finds a purchaser ready, willing, and able to purchase on the prescribed terms. There must be a sale and a first payment to entitle him to recover. It is so nominated in the bond."
 Even though the purchase and sale contract was rescinded by mutual action of all parties, plaintiff has neither alleged nor proved an excuse which would waive the express condition of forfeiture (Eddy v. Hickman, 136 Cal.App. 103 [28 P.2d 66]; see Williston on Contracts, 676, 677), because the parties specifically provided in the contract for the effect of forfeiture. The rule is stated in Sousa v. First Calif. Co., 101 Cal.App.2d 533, 539 [225 P.2d 955], where it is said:
 "To the rule that prevention by the promisor excuses the condition there is an exception in case the preventing action is allowed under the contract. (Restatement Contracts, 295; 3 Williston on Contracts, 677, p. 1956.)"
 Here forfeiture was expressly stated in the contract.
 Assuming for the purposes of decision that the original listing by Mrs. Johnson was binding on both defendants, the substituted performance agreed to be given, being different from the original promise, the latter agreement is supported by sufficient consideration. (3 Williston on Contracts, 680, pp. 1965, 1966; California Raisin Growers' Assn. v. Abbott, 160 Cal. 601, 606 [117 P. 767]; Wakeham v. Barker, 82 Cal. 46 [22 P. 1131]; Sullivan v. Grass Valley Quartz Mill. & Min. Co., 77 Cal. 418 [19 P. 757]; Rest. Contracts, 296.)
 [2] The rule is stated: "A condition is excused by a new contract between the parties which expressly or impliedly dispenses with the condition." (Rest. Contracts, 296, supra.)
 Plaintiff cites Moore v. Balboa Escrow Co., 116 Cal.App.2d Supp. 921 [253 P.2d 1043]; Ralston v. Demirjian, 86 Cal.App.2d 124, 126 [194 P.2d 41]; McNamara v. Steckman, 202 Cal. 569, 573 [262 P. 297]. In these cases the vendors relieved the broker of further responsibility as to the ability [121 Cal.App.2d Supp. 855] of the prospective purchaser to complete the purchase by entering into an unconditional purchase and sale or exchange contract with the purchaser. The vendor protected himself in this contract with the acceptance of the broker against a forfeiture which might result from the inability of the purchaser to meet his obligation. The all-important difference lies in the fact that in the cases cited the vendor assumed that responsibility and here, by express condition, refused so to do.
 [1b] The rights of the parties are governed by their undertaking. Since it is undisputed that no money was deposited, no commission is due plaintiff.
 Judgment is reversed.
 Turrentine, P. J., and Glen, J., concurred.