[Civ. No. 21234.   Second Dist., Div. Three.   Apr. 16, 1956.]

ALBERT L. SNELL, JR., Appellant, v. FERN A. WICKERSHAM, Respondent.

Houston A. Snidow for Appellant.

Nichols, Cooper, Hickson & Lamb and R. G. Lamb for Respondent.

WOOD (Parker), J.—Action for commission for services as real estate broker.  Plaintiff appeals from judgment in favor of defendant.

On December 12, 1951, defendant signed and delivered to plaintiff a writing whereby defendant, in consideration of the services of plaintiff as agent of defendant, granted to plaintiff an "Open Listing right," for 90 days thereafter, to sell defendant's real property consisting of approximately 30 acres for $2,500 per acre on terms of "At Least ½ cash." The writing also provided: "I hereby agree to pay said agent as commission 5 per cent of the selling price that is accepted by me."

It is not disputed that plaintiff obtained a purchaser for said property, namely, Sponseller and Sons, a partnership,

which entered into a written escrow agreement on January 2, 1952, with defendant for the purchase of the property. The escrow instructions stated that the total consideration to be paid to plaintiff was $72,500; that the amount of cash to be paid to plaintiff through escrow was $25,000; that no cash was paid outside the escrow; that the buyers would give a promissory note for the balance of the purchase price, $47,500, which note would be secured by a trust deed on the land; that certain payments on the balance would be made each time a lot (in a proposed subdivision of land) was sold and released from the provisions of the trust deed. It thus appears that the terms of the escrow agreement were different from the terms stated in the listing, in that, the price was approximately $2,417 per acre instead of $2,500 per acre, and the cash payment was $25,000 instead of $37,500 (one-half the price of 30 acres at $2,500 an acre, as stated in the listing). Plaintiff did not obtain a purchaser upon the terms stated in the listing, but the defendant did execute escrow instructions which provided for a sale of the property to said purchaser upon other terms and conditions. A provision in the escrow instructions of defendant was: ''Commission of $3625.00 is to paid to Albert L. Snell, Jr., Broker . . . [license number, telephone number, and address of broker] and this is to be paid as funds from this sale are received by the Seller. From the $25,000.00 initial payment hereunder you will pay to said broker the sum of $1250.00.'' It was stipulated at the trial that there was an oral agreement between plaintiff and defendant that the remainder of the commission, after the payment of $1,250 from the initial $25,000 cash payment, was to be paid from certain payments (of approximately $490 each) which defendant was to receive as a part of the balance of the purchase price when a lot in the proposed new subdivision was sold; and that the portion of each such payment to be paid to plaintiff was ''the same percentage that $1250 bore to the $25,000.00.''

On March 5, 1952 (while the escrow was pending), an action in eminent domain was commenced by the Covina Union High School District against this defendant (Mrs. Wickersham) wherein the school district sought to condemn, for school purposes, 10 of the 30 acres involved herein. The partnership, Sponseller and Sons, was sued therein as Doe I and, on May 13, 1952, it filed an answer in which it claimed an interest in the 10 acres.

On June 25, 1952, the defendant herein and Sponseller and Sons made and filed escrow instructions stating that the escrow "is hereby cancelled."

On July 10, 1952, the parties to the eminent domain action stipulated that an interlocutory judgment condemning the 10 acres be entered; and that the judgment provide for payment of $14,832.17 to defendant herein (Mrs. Wickersham), and for the payment of $5,000 to Sponseller and Sons. On July 21, 1952, a final judgment of condemnation was filed.

It was stipulated at the trial in the present action "that the buyer did everything required of him to be done in concluding the making of the money available and everything that was required." It was also stipulated herein that the failure to complete the escrow "was due to the fact that a condemnation action was instituted," as to 10 acres of the property, and "the buyers refused to buy." It was also stipulated that 10 acres were condemned, and that the buyer "would not go ahead with twenty acres, at least not on the same terms." The $25,000 cash payment was not deposited in escrow.

■ It is clear that plaintiff did not obtain a buyer who was willing to buy the property upon the terms stated in the listing; and of course he is not entitled to a commission on the basis that he obtained a buyer who was ready, able, and willing to buy upon the terms of the listing. Plaintiff's claim for commission is based principally upon defendant's agreement, as evidenced by the escrow instructions, to accept a "selling price" which was different from the price stated in the listing. Plaintiff stipulated at the trial, as above shown, to the effect that he agreed orally with defendant that his commission was to be paid from funds received by defendant from the sale referred to in the escrow. The court found that plaintiff and defendant agreed, and the escrow agreement so provided, that the commission was to be payable as funds from the sale were received by defendant. It is true, as plaintiff argues, that plaintiff did not sign the escrow instructions; but it is also true that defendant's agreement to accept a different "selling price," as evidenced by the escrow instructions, included a provision which embodied plaintiff's admitted oral agreement as to payment of commission. The court further found that the commission to be paid by defendant was contingent upon the escrow being completed. It is implicit in that finding that the defendant,

in agreeing to accept a different "selling price" (from that stated in the listing), relied upon plaintiff's oral agreement that the commission was to be paid from funds received by defendant from the sale. It is apparent that a material part of defendant's agreement to accept such different price was, as stated in the escrow instructions of defendant, that the broker's commission of $3,625 was "to be paid as funds from this sale are received by the Seller," and that $1,250 of the commission was to be paid by the escrow holder from the initial payment of $25,000. Under such circumstances, plaintiff's oral agreement as to payment of commission was in effect a condition upon which defendant agreed to accept a different "selling price." Under such circumstances the plaintiff, in basing his claim for commission upon defendant's agreement to accept a different "selling price," cannot disregard such conditional part of the agreement to accept. In *Mitchell* v. *Green,* 110 Cal.App. 259 [293 P. 879], which was an action for real estate broker's commission, a demurrer to the third amended complaint was sustained without leave to amend. That complaint set forth a writing, signed by the owner of the property, whereby the agent (plaintiff) was authorized to sell the property, and whereby the owner agreed to pay 15 per cent commission. It was also alleged therein that plaintiff procured a purchaser, and that the purchaser and owner entered into a written agreement to exchange certain properties; that as a condition precedent to the execution of the exchange agreement the plaintiff (agent) orally agreed to accept payment of her commission of $16,500 from payments to be made by the purchaser under a deed of trust. (The opinion therein does not show that the agreement of the agent was oral. The allegation that the agreement was oral is shown in appellant's opening brief in that case— in a supplement where a copy of said complaint is set forth.) There were further allegations therein to the effect that the seller and buyer entered into a further exchange agreement which modified the prior agreement; and that the exchange of properties was then consummated and various notes and trust deeds were executed. There was no allegation therein that the buyer paid the sellers anything on the promissory notes secured by the trust deeds. The court said therein (p. 264): "With the default of De Vries [buyer] and his failure to pay, the right of the agent to receive her commission failed. The parties are bound by their contract. If the appellant [agent] expected to demand her commission from

respondents [sellers] without regard to any payments by De Vries, she should not have made its payment conditioned and contingent upon De Vries fulfilling the obligations of his contract.''

In the present case, by reason of the condemnation action, defendant could not convey title as provided in the escrow instructions. It was not the fault of defendant that the escrow was not completed. No money was received by defendant from the sale referred to in the escrow instructions.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.