FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. TUMA,<br>DBA Tuma and Associates,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>EATON CORPORATION,<br>FDBA Cutler-Hammer, Inc.,<br><br>Defendant - Appellee. | No. 11-57162<br><br>D.C. No. 3:08-cv-00792-BTM-CAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.[**]

William Tuma appeals the district court's decision that Eaton Corp. was not

liable to pay him commissions on orders that Watkins Corp. placed after his

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Tunheim, District Judge for the U.S. District
Court for the District of Minnesota, sitting by designation.

Manufacturer's Representative Agreement ("MRA") was terminated. Under the principles of California law that apply to employment contracts, we must affirm the district court's grant of summary judgment in favor of Eaton.

First, the plain language of the MRA provides that Eaton is not required to pay Tuma commissions on orders accepted after the tail period, and a thirty-day tail period is not unconscionable under California law. *Am. Software, Inc. v. Ali*, 54 Cal. Rptr. 2d 477, 480–81 (Ct. App. 1996). Even if Tuma was the procuring cause of Watkins's orders, he cannot claim commissions on this ground, because the contract did not provide that he would receive commissions on orders placed after the tail period. *See Zinn v. Ex-Cell-O-Corp.*, 149 P.2d 177, 180–81 (Cal. 1944). Additionally, Tuma cannot establish that Eaton prevented him from performing under the MRA, because Eaton had a contractual right to terminate it. *Kline v. Johnson*, 263 P.2d 494, 496 (Cal. Ct. App. 1953).

Nor did Eaton violate the implied covenant of good faith and fair dealing. In California, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). Eaton had the right to terminate Tuma in 2007 and did not deprive him of benefits that he had

2

already earned. *See id.* at 1112 n.18; *see also Balzer/Wolf Assocs., Inc. v. Parlex Corp.*, 753 F.2d 771, 774–75 (9th Cir. 1985).

Finally, Tuma is not entitled to recover damages under California's Independent Wholesale Sales Representatives Contractual Relations Act, Cal. Civ. Code § 1738.10 *et seq*. The Act allows a sales representative to recover damages if a wholesaler fails to set out in writing how commissions will be calculated. *Id.* § 1738.13(b)(1). But Eaton terminated Tuma before he became entitled to any commissions on Watkins's orders, so Tuma may not recover under the Act even if the MRA failed to specify how commissions are to be calculated in all circumstances.

**AFFIRMED.**